### REGINALD FRY v. FRANCES H. MYERS.

In summary proceedings by the landlord to recover the possession of land from a tenant because his leasehold term had expired, the tenant is entitled to a trial by jury, notwithstanding the passage of the act of April 23d, 1888. *Pamph. L., p.* 462.

On *certiorari.*

Argued at June Term, 1893, before Justices DEPUE, LIPPINCOTT and ABBETT.

For the plaintiff, *John E. Fennell.*

For the defendant, *John B. Vreeland.*

The opinion of the court was delivered by

ABBETT, J.   Frances H. Myers brought a suit under the Landlord and Tenant act for the purpose of dispossessing Reginald Fry of a cottage in Chatham township, Morris county.   It was alleged that his tenancy had expired under his lease.

A *venire* was issued by the justice and a jury summoned, but when the twelve men appeared by virtue thereof, they were dismissed after the payment to them of their fees, and the justice refused to proceed with the jury, and tried it himself and rendered a decision adverse to Fry.

The case was brought to this court by *certiorari*.   And two questions are presented—First, will *certiorari* lie? and, second, had the justice the right to dismiss the jury he had summoned and try the case without a jury, against the protest of the defendant?

The question has been discussed as to the constitutional right of the defendant to trial by jury in this case, he having demanded it and not waived it.   The defendant invokes article 1, paragraph 7, of the constitution: "The right of a trial by jury shall remain inviolate, but the legislature may authorize the trial of civil suits when the matter in dispute does not exceed fifty dollars, by a jury of six men."

Prior to the constitution of 1844 and up to the act of March 4th, 1847 (*Nix. Dig.* (*4th ed.*), *pp.* 494, *422, § 18), if the tenant held over, the landlord would have had to bring his action of ejectment and the tenant would have been entitled to a jury trial.   The act of March 4th, 1847, provided in section 5 that " the summons shall be served in the manner prescribed by the act constituting courts for the trial of small causes ; the suit may be adjourned and either party may demand and have a trial by jury of six men, according to the provisions of said act."   The procedure under this act is of a provisional and summary nature, to determine, as between the landlord and the tenant, who should have immediate possession of the leased premises.   Section 1 of the act of March 8th, 1848 (*Nix. Dig., pp.* 495, *422, 423, § 26), provides that

.at any trial, under section 1 of the act of March 4th, 1847, it shall be necessary for the plaintiff therein, if required by the defendant, to prove to the satisfaction of the court or the jury, if the trial be by jury, the facts which, according to the first section of said act, authorize the removal of a tenant; and if the said trial be by jury it shall be by a jury of twelve men. The Revision of March 27th, 1874, left the first section of the act of March 4th, 1847, substantially unaffected so far as relates to the jurisdiction of the justice of the peace. The act of April 5th, 1876 (*Rev., p.* 576), left the jurisdiction substantially the same except in cities where District Courts had been established. The second section of this act amended section 15 of the Revision of 1874, but not as to the right of either party to demand and have a jury trial by a jury of twelve men. On April 23d, 1888, the legislature again amended this fifteenth section. *Pamph. L., p.* 462. This amendatory act does not recite the fifteenth section as it appears in the act of April 5th, 1876, but does give the section as amended. There is no repealing clause in this act. The provision for a trial by jury is omitted in this amended section.

An examination of the entire act shows that the omission of this provision in reference to jury trial was a mere inadvertence and not a deliberate legislative intent to abolish it in this class of cases. Under the ejectment proceedings prior to 1847 a trial by jury was a matter of right, unless waived by the parties, and from that time until 1888 there had always been express provision for a jury trial, although for one year (1847–48) a jury of only six men was named in the act. In view of the question as to the right of the legislature to take away trial by jury from the defendant in this case, and the fact that up to 1888 there had been legislative provision regarding this right, which had existed for forty years, is it to be presumed, in the absence of an express clause of repealer affecting this right, that the legislature intended to take it away? In considering this question, let us examine the Landlord and Tenant act as it existed on this subject after the pass-

age of the act of April 23d, 1888.   Section 16 of the Revision
of 1874 (*Rev., p.* 573, ¶ 14) came from section 6 of the act
of March 4th, 1847, as amended by section 1 of the act of
March 8th, 1848, and from 1847 to the present time it has
contained a provision providing for putting the landlord in
possession when it shall, among other things, appear to the
said justice *or jury* that the summons had been duly served.
Since the act of March 8th, 1848, up to the present time, it
has been necessary for the plaintiff, if required by the defend-
ant, to prove to the satisfaction of the court, *or the jury, if
the trial be by jury,* the facts which authorize the removal of
the tenant.   Section 19 of the Revision (*Rev., p.* 574, ¶ 17)
has been in existence since the act of 1847, and it provides,
among other things, that the same fees shall be allowed to
jurors as are provided for like services by the act constituting
courts for the trial of small causes.   Section 21 of the Re-
vision (*Rev., p.* 574, ¶ 19) provides that, where the case has
been removed into the Circuit Court, the judge of the Circuit
Court shall issue a *venire facias* for a jury, and section 22 of
the Revision provides that if the parties agree so to do they
may waive a trial by jury and submit the case to the judge
on the law and the facts.   The existence of these provisions
seems incompatible with a construction of the act of 1888,
which takes away trial by jury in these cases and compels the
justice to try the case without one.   There is nothing in the
act of 1888 which expressly says that he must try the case
without a jury, and in this case he had summoned the jury,
and it was present ready to try the case, when he dismissed it
without the consent of defendant.   If the jury had tried the
case, its finding would have exactly fitted into the other pro-
visions of the act.   There is no practical or legal difficulty in
carrying out the provisions of this act in case of a jury trial.

   If the legislature thought it right on the removal of the
cause into the Circuit Court to compel the judge there to give
the party a jury trial, it is difficult to conceive a legislative
intent on a trial before a justice of the peace which would de-
prive the party of the right to a jury trial in that tribunal.

When the legislature, by section 7 of the act of March 4th, 1847, which still exists (*Rev., p.* 573, ¶ 16), took away the right of appeal or the removal of the proceedings by *certiorari,* it was because the party had a right to go before the jury on the facts.   It may well be doubted if the legislature would have enacted such a stringent provision if the case had been left to the decision of the justice both on the law and the facts. After a policy has existed for forty years which gives a party the right of trial by jury, the court should hesitate long before they take that right away under an act which does not expressly take away such right, and when such right can still be enforced without interference with the remaining provisions of the act.   This construction not only does not interfere with the remaining sections of the act, but is in entire conformity thereto ; the other sections contemplating jury trials where there is no waiver of such right.   We do not think it necessary to decide in this case the question as to the constitutionality of the act of 1888, or the constitutional question in refence to the right of trial by jury in this case, because we have reached the conclusion that the proper construction of the Landlord and Tenant act, as amended by the act of 1888, preserves the right of trial by jury before the justice when not waived.

The writ of *certiorari* lies in this case because the justice was, under the circumstances of this case, without jurisdiction to try the case himself without a jury