Marshall, C. J.
 

 This is an original suit in this court seeking by the writ of mandamus to compel the Attorney General to consider certain forms which have been submitted to him relating to proposed amendments to the Constitution of Ohio, and commanding him to certify said proposed amend
 
 *25
 
 ments to be correct as to form, and to further certify that synopses of such proposed amendments ■which have been submitted to the Attorney General are in fact fair and truthful summaries of the contents and purposes of such proposed amendments. The suit is predicated \_pon Section 4785-176, General Code, which provides in substance that one hundred or more qualified electors of the state may by written petition submit proposed constitutional amendments to the Attorney General for examination, and, if such proposed amendments upon examination are, found to be correct as to form, the Attorney General shall so certify the same in order that his certification may be printed upon the petitions for circulation. That section also provides that the petitioners may submit to the Attorney General “a fair and impartial synopsis of such proposed law or amendment, and if such synopsis in the opinion of the Attorney General is a fair and truthful summary of the contents and purposes of such proposed law or amendment he shall so certify.” That statute contains other provisions which do not relate to the duties of the Attorney General, and are therefore not necessary to be stated.
 

 The petition in mandamus recites that the petition contains the required number of signatures, and that it contained, not only the proposed amendments, but a fair and impartial synopsis, and that the same was submitted to the Attorney General for his certification, and that he has failed and refused to so certify either the synopsis or the correctness of the form of the proposed amendments.
 

 The Attorney General has demurred to the petition, and in support of his demurrer argues that the
 
 *26
 
 proposed amendments by a single petition seek to amend fifteen separate sections of the present Constitution, found in five separate articles of the Constitution. He further argues- that the language of the statute, as well as the language of the Constitution relating to amending the fundamental law, is in the singular number, and that therefore a petition may properly relate only to a single amendment; or, at least, if more than one amendment is proposed in a single petition, they must be connected with, and dependent upon, each other, and have a direct relation to a single general subject-matter. Certain decisions of the Supreme Courts of Montana and North Dakota are cited in support of that view.
 

 Having examined those authorities, and having analyzed the Constitution and the statute relating to the amendment of the Ohio Constitution by initiated petitions, we find nothing expressly prohibiting the petitioners from uniting in a single petition amendments of separate and distinct provisions of the Constitution, even to the extent of amending sections and articles wholly unrelated to each other. Naturally, in the preparation of the ballot, if and when the questions are submitted to the voters for their approval or rejection, the ballot must be so arranged as to permit the individual voter to voice his approval or rejection of each section separately. If in the exercise of a sound discretion the Attorney General is of the opinion that the separate proposals should be more clearly separated and distinguished from each other in the petition, this court will not control that discretion. It may easily be conceived that those who solicit signatures to initiative petitions proposing an amendment to a large number of
 
 *27
 
 unrelated sections and articles will have difficulty in procuring signatures to petitions in that blanket form. But with this difficulty neither the Attorney General nor this court need be concerned. Neither should we be concerned with the wisdom or unwisdom of seeking to effect wholesale amendments to the fundamental law. If the required number of proponents inititate amendments effecting sweeping changes in the fundamental law, rather than await the possible action of a constitutional convention, the present provisions of the Ohio Constitution relating to amendments are ample to permit that course to be followed.
 

 The other point presented by the Attorney General is that the so-called “fair and truthful summary of the contents and purposes of such proposed law or amendment” is not in fact a summary. “Summary” has been defined as “short, brief, compendious, succinct; reduced into a narrow compass.” On examination, the summary here, or “Synopsis,” as it is labeled, is found to contain approximately 4,900 words, while the text of the proposed amendments contains approximately 4,800 words. It will be seen, therefore, that the amendments themselves are of greater length than the entire Constitution of the United States, and that the “summary” is wholly a misnomer. Elsewhere in the statute it is called a synopsis, but “summary” and “synopsis” are synonymous terms. There would manifestly be no point to having a summary in addition to the text itself unless the summary is just what the definition of that term expresses, viz. “a short, concise summing up,” which will properly advise those who are asked to either sign the petition or to support
 
 *28
 
 the amendment at the polls of the character and purport of the amendments without the necessity of perusing them at length.
 

 On the ground that the summary wholly fails to comply with the spirit and purpose of the statute, and on the probable ground that the texts of the amendments themselves are not properly separated, the demurrer to the petition must be sustained. But, in so far as the Attorney General is moved to refuse to certify them on the ground that numerous, unrelated amendments are proposed in a single petition, his view does not find support in the judgment of this court.
 

 Inasmuch as it will be manifestly impossible to so amend the petition as to correct the defects herein pointed out, and in view of the necessity for the preparation and submission of another form of both text and summary, final judgment will be entered and the petition dismissed.
 

 Writ denied.
 

 Jones, Matthias, Day, Allen and Robinson, JJ., concur.
 

 Kinkade, J., not participating.