MARKUS ET AL. *v.* TRUMBULL COUNTY BOARD OF ELECTIONS ET AL.

(No. 78866—Decided September 18, 1968.)

Common Pleas Court of Trumbull County.

*Mr. Frank Bodor*, for plaintiffs.

*Mr. David F. McLain*, prosecuting attorney, for Trumbull County Board of Elections and Howland Township Trustees.

*Mr. John DePietro*, for Nicholas Loncar, agent for petitioners who signed a referendum petition.

ROSSETTI, J. The plaintiffs are the owners of approximately 25 acres of land located on Elm Road Extension in Howland Township, Trumbull County, Ohio. 1000 feet of said land fronts along Elm Road which is also known as State Route Number 5.

Part of plaintiffs' property had previously been zoned commercial and in particular the property which fronts on Elm Road to a depth of 400 feet. However, the remainder of the property had been zoned for residential.

The plaintiffs filed an application for zone change, which states:

"To increase the size of the present business zone on the property described from 400 feet depth on the north line of said described property to 800 feet depth and from 400 feet depth on the south line of said property to a depth of 1087.39 feet as shown on the attached plat.

"The front portion of the property facing Elm Road Extension is already zoned for business 400 feet from the right-of-way and to reasonably and practically develop the property it is necessary to increase the business zoning.

"Properties abutting Elm Road Extension are already zoned for business and other property on the east side of Elm Road Extension has been granted the right to increase the depth of its business zone.

"1. Property Description Form.

"2. Plat of the entire property showing present business zoning and proposed zone change.

"3. List of names and addresses of all owners of property within and contiguous to and directly across the street from the area which is the subject of this application."

The proposed zone change was presented to the Howland Township Zoning Commission and the commission recommended that the petition for an amendment be approved with certain modifications. This recommendation was presented to the Howland Township Trustees.

A public hearing was held by the trustees and the trustees voted for the disapproval of the zoning commission's recommendation by a 2 to 1 vote. Since the vote was not unanimous, the law provides that the recommenda-

tion of a zoning commission would become law unless a referendum petition be filed requesting that the proposed zone change amendment be submitted to the voters of Howland Township.

The defendant, Loncar, circulated petitions, obtaining signatures of persons living in Howland Township, requesting that the zone change amendment be submitted to the voters of the township.

The referendum petitions were then submitted to the board of elections with a proposed zoning amendment, notice and form of ballot to be used by the voters at the polls.

Plaintiffs bring this action to enjoin the Trumbull County Board of Elections from placing the issue on the November 1968 ballot and to declare null and void the certification of the referendum petitions, and also to declare the ballot null and void.

The question is whether or not the referendum petitions and formal ballot are legally proper.

The petition circulated in this case is entitled, "Request For Referendum" and after the heading, "Reference" it states:

"Resolution of the Howland Township Trustees, dated February 5, 1968, by which the Trustees voted upon with modifying or reversing, the recommendations of the Howland Township Zoning Commission, granting a zoning amendment from "Residential" use to "Business and Commercial" use, pursuant to an Application for Zoning Change filed by Victor Natale, Elva E. Parker, Robert S. Parker, Maxine V. Parker, Joseph Markus and Mary Markus in connection with real estate owned by them and situated on Elm Road, N. E., Howland Township, Ohio. (See Exhibit A for complete description of property, which exhibit is incorporated into and made a part of this petition as if fully rewritten.)

"We, the undersigned, qualified voters residing in the unincorporated area of Howland Township, Trumbull County, Ohio, included in the zoning plan affected by the zoning classification amendment referred to above, respectfully petition and request that the Howland Township

Trustees submit the amendment to the electors of such area for approval or rejection at the next primary or general election, all in accordance with the provisions of Ohio Revised Code Section 519.12.

"We hereby name and constitute Nicholas E. Loncar, 2780 Gretchen Drive, N. E., Warren, Ohio, as our representative in this matter; and designate him to receive all communications or notices, written or otherwise."

Section 519.12, Revised Code, provides that in giving notice it "shall set forth the time and place of the public hearing and *a summary of the proposed amendment or supplement.*"

The Supreme Court of Ohio, in *State, ex rel. Hubbell,* v. *Bettman, Atty. Genl.* (1931), 124 Ohio St. 24, said:

"The summary or synopsis * * * should not describe at length the character of the proposal to be submitted but should contain a short, concise, succinct summing up reduced into a narrow compass."

Since the statute requires a summary of the proposed amendment be given in setting up a public hearing, then it seems reasonable to require a summary on the petition, so that the electors would have knowledge of the issue involved upon being asked for their signatures.

The referendum petitions in my opinion certainly did not contain sufficient information nor did they contain accurate information as to the real issue involved. Upon reading the petition one would conclude that the plaintiffs' entire property was granted a zone change from residential to business—commercial. Of course, that is not the case here.

In the circulation of the petitions, it would seem to me that the purpose would be to inform those citizens having an interest in the amendment of the zoning resolution, and they should be informed of the zoning status of the property as it presently is and the nature and extent of the proposed changes.

The only exhibit attached to the referendum petition was a legal description of the entire property. No map or plat was attached.

The circulator of the petitions did not state in his affidavit that each signer had knowledge of the proposed amendment. Clearly, the knowledge required here is more than just knowledge of signing a referendum petition. It is knowledge of the actual changes proposed. There is a sound basis in public policy to require a signer of a petition proposing to amend a law to be aware of the changes to which he lends his support by signing the petition.

Section 1g, Article II of the Ohio Constitution provides that a referendum petition shall contain a full and correct copy of the title and text of the law, section or item sought to be referred. It provides also that the circulator of the petition file an affidavit that the person signing the petition had knowledge of the contents.

This court does not believe that any less stringent requirements should be required in the case of a township zoning ordinance.

The next question is whether the form of ballot is legally proper.

Section 3505.06, Revised Code, which deals with ballots on questions and issues, provides in part as follows:

"A condensed text that will *properly* describe the question, issue, or amendment shall be used as prepared and certified * * * by the board for local questions or issues." (Emphasis supplied.)

The ballot is as follows:

"Howland Township

"Proposed Zoning Amendment

"A majority affirmative vote is necessary for passage.

"Vote Ballot With An "X"

"Shall the following described premises be amended from Residential to Business and Commercial:

"Situated in the Township of Howland, County of Trumbull, State of Ohio and known as being part of Section 9 of the original survey of Howland Township and being

Lots No. 1, 2, 3, 4, 5 and 6 of the Morgandale Plat as record-
ed in Volume 8, Page 29 of the Trumbull County Records
of Plats and being further described as follows:

"Commencing at a point in the east line of lands
formerly owned by Smith and Dilley, said point being
928.85 feet from an iron pin at the southeast corner of said
property; thence north 89° west a distance of 400.00 feet
to the true point of beginning; thence north 89° west a
distance of 852.28 feet to a point on the centerline of the
Warren-Cortland Road; thence south 19° 09′ 30″ west
along the centerline of said Warren-Cortland Road a dis-
tance of 979.91 feet to a point; thence south 89° 50′ 20″
west a distance of 1087.39 feet to a point; thence north
1° 08′ east a distance of 909.51 feet to the place of begin-
ning, containing therein approximately 25.25 acres and
subject to all legal highways.

| " : | : | | : |
|---|---|---|---|
| : | : | | : |
| : | : | For The Amendment | : |
| : | : | | : |
| : | : | | : |
| : | : | Against The Amendment | :" |

As to the ballot which was prepared in this case the
question arises, did the condensed text on the ballot prop-
erly describe the question?

In *Prosen* v. *Duffy* (1949), 152 Ohio St. 139, the court
said:

"The text describing the question or issue does not
require the printing on the ballot of the whole text of the
zoning plan or an impracticable digest thereof, but does
require the printing of language constituting a topic or
theme describing the question or issue submitted."

The ballot must be complete enough to convey an in-
telligent idea of the scope and import of the amendment.
It ought not to be clouded by undue detail as not to be

readily understandable. It ought to be free from any misleading tendency, whether of amplification, or omission. It must in every particular be fair to the voter to the end that intelligent and enlightened judgment may be exercised by the ordinary person in deciding how to mark the ballot.

The ballot should be in proper form so that the voter may have at hand some means for making up his mind whether to approve or disapprove the issue.

In this case, neither the referendum petitions nor the ballot advises the voter that only part of plaintiffs' property is requested to be changed to business—commercial.

The petition and ballot failed to include:

1. That part of plaintiffs' property is presently zoned business—commercial.

2. That part of plaintiffs' property is zoned residential.

3. That only a part of the residential zoned property is requested to be changed to business-commercial.

4. That a 100-foot buffer strip or zone was to be constructed the full length of the property on the north line.

This court is of the opinion that the summary of the issue involved on the referendum petitions and the condensed text on the ballot was insufficient, ambiguous and misleading to the average citizen who might be affected thereby.

Therefore, the Trumbull County Board of Elections is permanently enjoined from placing the purported issue for zoning change pertaining to plaintiffs' property upon the ballot for the November 1968 Election.

The court further finds that the petitions for referendum and form of ballot in this case are null and void.

*Judgment for plaintiffs.*