123 N.J. Super. 1 (1973)
301 A.2d 197
ALFOUR INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
GEORGE LIGHTFOOT (NO. T-289113), WILLIE NORMAN (NO. T-289114), MARY MIKE (NO. T-289115), LONNIE IRVING (NO. T-289116), RUBY NORMAN (NO. T-289117), SYLENA BUSH (NO. T-289118), WALLACE SMITH (NO. T-289119), BRENDA NORMAN (NO. T-289121), DEFENDANTS (CONSOLIDATED).
Superior Court of New Jersey, District Court, Essex County.
Decided February 1, 1973.
Mr. Emil H. Block, for plaintiff.
Mr. Richard E. Blumberg of the Newark-Essex Joint Law Reform Project, for defendants.

*2 Decided February 1, 1973
*3 WALSH, P.J.D.C.
The defendants in a summary landlord and tenant dispossess action have made demand for trial by jury:
The summary proceedings were instituted under the provisions of N.J.S.A. 2A:18-53, which reads in part, insofar as it is pertinent to the present proceeding:

B. SUMMARY ACTIONS FOR RECOVERY OF PREMISES

Removal of tenant in certain cases; jurisdiction
Any * * * tenant * * * may be removed from such premises by the county district court * * * in an action in the following cases:
a. Where such person holds over * * *
b. * * * after a default in the payment of rent * * *
A default in rent is alleged and admittedly has occurred. The court, under authority of Marini v. Ireland, 56 N.J. 130, ordered the back rent payments made into court and consolidated the matters for hearing to convenience all parties.
Defendants, although admitting the statute is headed a "summary action" and being unable to explain to the court the admitted inconsistency of the words "summary action" with trial by jury, base their demand for a trial by jury on:
(A) Art. I, par. 9, of the New Jersey State Constitution (1947), which reads:
The right of trial by jury shall remain inviolate; but the Legislature may authorize the trial of civil causes by a jury of six persons when the matter in dispute does not exceed fifty dollars. The Legislature may provide that in any civil cause a verdict may be rendered by not less than five-sixths of the jury. The Legislature may authorize the trial of the issue of mental incompetency without a jury.
(B) N.J.S.A. 2A:18-16, which reads:

*4 Right to jury trial; demand

Either party to any action commenced in a county district court may demand a trial by jury.
and:
(C) R. 6:5-3(a), which reads, insofar as it relates to this case:
In summary actions between landlord and tenant and actions in small claims division (except actions for property damage resulting from negligence in a motor vehicle accident), the demand shall be filed and served and the fee paid by the demanding party at least one day before the return day of the summons.
The demand for a jury trial is denied, and because of a complete lack of any one full comprehensive decision in this State on the question, the court sets forth its reasons for this ruling in full.
The statute, N.J.S.A. 2A:18-53, under which the landlord instituted this summary proceeding was first enacted into law, in derogation of the existing common law, by the New Jersey Legislature in 1847. It has been described as follows:
A summary dispossession action is a special action created by statute, for the purpose of enabling a landlord to recover from his tenant the possession of real estate leased to the latter, speedily and easily. This action was intended to overcome the obstacles incident to ejectment, whereby the tenant could resort to technical delays and withhold the possession of the premises for an indefinite period."
[LeVine, Landlord and Tenant Law, § 3231 at 486]
Prior to the Constitution of 1844 and until the act of March 4, 1847, if the tenant held over, the landlord was compelled to bring an action for ejectment and both parties enjoyed a right to a trial by jury. (This is a right of action that is presently available to the parties remaining after a judgment in the present summary proceedings.)
The original act of March 4, 1847 provided for a trial by a jury of six. An amendment, in section I of the act of *5 March 8, 1848, provided for a jury of 12. Subsequent amendments on March 27, 1874 and April 5, 1876 did not seriously alter this right to a jury. However, the act of April 23, 1888, the forerunner of the present act, omitted the clause calling for a trial by jury. Every amendment thereafter appears to have followed this course of procedure, down to and including the preamble of the last amendment to the present act which reads as follows:
An Act concerning the county district courts in relation to summary actions for recovery of premises in proceedings between landlord and tenant and amending section 2A:18-53 of the New Jersey Statutes. [L. 1966, c. 319; italics supplied]
The court finds that there is simply no right to a trial by jury given by the statute, N.J.S.A. 2A:18-53, under which relief is sought. In fact, by designating it a "summary action" the Legislature has specifically denied that right. Until the designation of "summary action" is changed in the statute by the Legislature, it must be administered in that fashion by the courts.
The Legislature saw fit to set forth the words "summary actions" in the preamble to the 1966 act. This intention, so boldly stated in the title of the act, cannot be lightly ignored.
Under the constitutional provision a title is an indispensable part of every statute, and the expression of the subject of the act must be found, if at all, in the words of the title. [IA Sutherland on Statutory Construction, § 18.07]
Every court that has had occasion to treat with the act has construed it as a summary proceeding. To be more explicit, every court has found it to be an interlocutory remedy that is neither final nor binding as res adjudicata on the parties to the dispossess proceedings. The courts have held that there are many other, complete and immediate remedies that provide for a trial by jury. See Vineland Shopping Center v. DeMarco, 35 N.J. 459 (1961), where the court said:
*6 The summary dispossess statute originated in 1847 (p. 142). The purpose was to give the landlord a quick remedy for possession. Appellate review was barred, thus giving finality to the trial court's judgment with respect to possession. The tenant was remitted to an action for damages in which the judgment in the possessory action had no binding effect upon the ultimate merits of the case. [at 462; italics supplied]
The court spelled out the only power that resided in the county district court under this summary procedure was that of ordering possession.
The jurisdictional question is not merely whether the controversy is between landlord and tenant with respect to possession, for the Legislature did not commit the entire subject to the county district court. Rather that court was granted jurisdiction to adjudicate only in specified categories of disputes. They appear in N.J.S. 2A:18-53. [at 463; italics supplied]
Other courts have passed on the summary nature of the proceedings of this statute. Randell v. Newark Housing Authority, 384 F.2d 151 (3rd Cir.1967), cert. den. 393 U.S. 870, 89 S.Ct. 158, 21 L.Ed.2d 139 (1961); Academy Spires Inc. v. Jones, 108 N.J. Super. 395 (1970) and Morrocco v. Felton, 112 N.J. Super. 226, at 230 (Law Div. 1970), where the court stated:
Under N.J.S.A. 2A:18-53 the county district court is normally the proper place to institute and adjudicate dispossess proceedings. Those proceedings, however, must be heard in a summary manner and the court lacks any general equitable jurisdiction. [Italics supplied]
The only case, close to pointn, that was urged on oral argument by defendants is Fry v. Myers, 56 N.J.L. 115 (Sup. Ct. 1893). This case in no way supports an argument for a trial by jury under the present statute. In fact, all it does is rationalize and reaffirm the common law right of trial by jury in ejectment by comparing it with the statute:
Under the ejectment proceedings, prior to 1847 a trial by jury was a matter of right, unless waived by the parties, and from that time *7 until 1888 there had always been express provision for a jury trial, although for one year (1847-48) a jury of only six men was named in the act. [at 117; italics supplied]
This court finds no argument with that conclusion. In fact, in 1919 the Court of Errors and Appeals spelled out the summary manner in which the statute was to be applied and the remedies that still remained available to an unsatisfied tenant or landlord after the termination of an interlocutory dispossess in a summary proceeding without a jury. See McGann v. LaBrecque Co., 91 N.J. Eq. 307 (E. & A. 1919):
The bill was to enjoin the enforcement of possession after a judgment in favor of the defendant, the landlord, against the complainant, the tenant, by summary proceedings to dispossess after the end of the term. The vice chancellor correctly held that no equitable right was involved. He bases his jurisdiction wholly upon the inadequacy of the remedy at law, and, since the correctness of the present judgment for possession is not disputed, the jurisdiction of the Court of Chancery cannot be sustained on any peculiar fact of this case, but must rest on the view that, speaking generally, without regard to the facts of the particular case, the remedy at law must be inadequate. The remedy is by action of trespass, exactly the remedy that has existed in English law for centuries, certainly from the time of Henry III. When the legislature in 1847 enacted the statute providing for summary proceedings by a landlord to obtain possession of his property, its evident object was to settle speedily the right to the immediate possession by a judicial proceeding, and thereby avoid actual physical conflict the occurrence of which had made necessary the statutes relating to forcible entry and detainer. Fry v. Myers, 56 N.J.L. 115. But the legislature recognized that the landlord might be in the wrong, and therefore took away from the judgment of dispossession all semblance of a determination of the ultimate right as distinguished from the immediate possession by enacting that the landlord shall remain liable in an action of trespass for any unlawful proceedings under the act. P.L. 1847 p. 142. This is reenacted in section 113 of the District Court Act (Comp. Stat. p. 1990 § 113) and in section 7 of the act of 1903. Comp. Stat. p. 3074 pl. 18g. The use of the word "remain" is a clear proof that it was the old common-law action of trespass that was preserved, and not a new remedy that was provided for the first time. We can hardly believe that the learned vice chancellor meant at this late date to decry the most characteristic action of the common law, of which trover and assumpsit were mere developments, and to hold that a jury could not assess adequate damages in an action of tort. If he meant to hold that, he in effect held that in any case triable by jury the Court of *8 Chancery might intervene by injunction and draw the case into its jurisdiction whenever the chancellor thought that a jury would not rise to his notion of adequate damages. We are at a loss to know what criterion of adequacy could be suggested. The amount involved is of no consequence, since it is the glory of the law to treat cases where the amount is small with the same careful consideration as cases involving millions. The poor man who may be ejected from his apartments may suffer damage as serious to him as the loss suffered by the present plaintiff in losing the good will which he has built up under a lease terminable on six months' notice. The injury to both may be determined by a jury if the ejection is unlawful. Unliquidated damages must be assessed by a jury, and it is only in cases involving some special feature that the Court of Chancery ever undertakes the task. [at 308-309; italics supplied]
This is the type of action in which the right to trial by jury exists for landlords and tenants in our county district courts. This is the full hearing type of trial that is covered by N.J.S.A. 2A:18-16 and R. 6:5-3(a), and Art. I, par. 9 of the 1947 State Constitution. No court has ever stated that the question of interlocutory possession was to be a subject of trial by jury under the present summary dispossess statute.
This principle of summary proceedings has been enumerated by the highest court of our State in McGann v. LaBrecque supra, where the possession question under the statute was heard without a jury; and apparently adopted without any further comment in Vineland v. DeMarco, supra, and more recently in Marini v. Ireland, 56 N.J. 130 (1970).
If, in fact, Fry v. Myers, supra, can be said to have interpreted the statute to permit a jury (a conclusion which this court does not admit), it was overruled by the clear and concise holding of the Court of Errors and Appeals by its interpretation of the statute in McGann v. LaBrecque.
Additionally, the court denies the demand because no constitutional right existed either in 1844 or in 1947 for a trial by jury in a summary dispossess action. Simply stated, the act of 1847 was nonexistent in 1844. The remedy at that time was ejectment and contemplated a jury trial. In 1947 *9 the act, as it then existed, did not contain a grant from the Legislature for a trial by jury of interlocutory summary dispossess actions. Certainly, the Legislature possessed the power to pass the act in a form which called for summary proceedings when it created a new cause of action that was unknown to the common law.
The constitutional right to a trial by jury is guaranteed only in those cases where it existed at common law at the time of the adoption of the original Constitution of 1776 and Constitution of 1947. Montclair v. Stanoyevich, 6 N.J. 479 (1951). In addition to all of the common law remedies available to the parties, after the determination of the summary issue of possession, are the following statutes which form only a small part of the myriad avenues for relief.

N.J.S.A. 2A:18-59. Review; landlord liable for unlawful proceedings

Proceedings had by virtue of this article shall not be appealable except on the ground of lack of jurisdiction. The landlord, however, shall remain liable in a civil action for the unlawful proceedings under this article.
See also, N.J.S.A. 2A:39-1 et seq., prohibiting unlawful entry and detainer; N.J.S.A. 2A:42-10.10 et seq., barring reprisals against tenants; N.J.S.A. 2A:6-43, allowing suits in small claims courts for rent security; N.J.S.A. 2A:18-61, outlining the right of jury trial upon removal to the Superior Court; N.J.S.A. 46:8-21.1 setting a time limit and damages for failing to return a tenant's rental security deposit; N.J.S.A. 2A:18-55, providing for discontinuance of dispossess proceedings upon payment of rent into court, and N.J.S.A. 2A:18-59, which holds the landlord liable for unlawful proceedings under this article.
N.J.S.A. 2A:18-61 provides an excellent example of how the Legislature indicated that N.J.S.A. 2A:18-16 did not apply to N.J.S.A. 2A:18-53. It reads:

Trial by jury in superior court; appeal from superior court
A summary action for the removal of a tenant, commenced in a *10 county district court, but transferred to the superior court, shall be tried before a jury, unless a jury is waived. The judgment of the superior court in the action shall be appealable.
This statute specifically designates the action in the county district court as "summary." If the action is transferred it must occur on application to, and approval by, the Superior Court. This application is made on grounds other than the summary questions of possession. It is on removal, and only on removal, that the Legislature designates the trial to be by jury. If a trial by jury was intended by the Legislature in the summary proceedings in the county district court, why was it not so stated? But more important, why was it necessary to state in N.J.S.A. 2A:18-61 that on removal then there would be a jury trial. The only logical conclusion to be drawn is that the Legislature meant what it said when it designated N.J.S.A. 2A:18-53 as a "summary action" and did not provide for trial by jury. Any other conclusion could result in two different jury findings, on the same set of facts, if either party proceeded under N.J.S.A. 2A:18-59. In addition, this interpretation would give a finality to the summary prossession action, despite the whole body of law and the statutes to the contrary.
The third reason for denial of the demand is that the words "summary actions" contained in R. 6:5-3(a), the rule which defendants seek to invoke, are mutually exclusive of a trial by jury.
The term "summary" means "without a jury." To this effect, see 2 Bouvier's Law Dictionary (Rawle's 3d rev.):
Summary proceeding. A form of trial in which the ancient established course of legal proceedings is disregarded, especially in the matter of trial by jury, and, in the case of the heavier crimes, presentment by a grand jury. [Italics supplied]
See also Black's Law Dictionary:
"Summary, adj. Short, concise. State v. Bettman, 124 Ohio St. 24, 176 N.E. 664, 665. Immediate, peremptory; off-hand; without a jury; provisional; statutory. The term used in connection with legal proceedings. [Italics supplied]
*11 More directly to the point, see 83 C.J.S. § 4c at 793:
* * * and since at common law the right to trial by jury did not exist in summary proceedings, these proceedings are still triable without a jury.
Continuing therein, it is further stated:
Indeed, if the procedure under the statute is to be without a jury, a jury cannot be called.
This court knows of no present standard of practice that would permit a jury to hear an equitable defense to a summary dispossess action, as required by the holding of the Supreme Court in Vineland v. DeMarco, supra, 35 N.J. 459, and on that basis permit the jury to grant the relief of reformation of a rental contract via the avenue of abatement on such terms and conditions that appear to be equitable under the then existing circumstances. Added to this problem is the inevitable equitable follow-up supervision required by the ruling in Marini v. Ireland, supra, 56 N.J. 130. Would this not require that the jury that heard the case would have to remain intact to make certain that the equitable requirements of Marini were met?
All of the above, of course, is to be returned by a jury verdict that is neither appealable, binding or res adjudicata on the parties. Any such verdict would fly in the face of the statutes and the cases thereunder. In short, such a remedy is impossible in this day and age for reasons herein stated.
The fourth reason why the court rejects the application for trial by jury is peculiar to this court alone in the area of the City of Newark, County of Essex.
The Appellate Division in Samuelson v. Quinones, 119 N.J. Super. 338 (1972), had occasion to comment on this particular problem:
We take judicial notice of the fact that there is an acute shortage of low-income housing in the City of Newark, and that such housing which exists is frequently not in full compliance with the city's housing *12 ordinances and building codes. We must also recognize the hard practical facts of life that if landlords, under existing conditions, were to be deprived of all rents because of noncompliance with such ordinances and building codes there would be far fewer available low income housing units  landlords would either abandon their properties, or if they spent the money needed to comply with the ordinances and codes the amount or rent they would have to charge would price low income tenants out of the market. The problem seems to be almost insoluble. [at 343]
Perhaps the problems are insoluable, as suggested by the Appellate Division, but they are present and they must be faced by this court, at this time.
The Legislature has charged the Essex County District Court with the responsibility of discharging the summary dispossess statute, N.J.S.A. 2A:18-53. In the course of following this mandate the court received during the year of 1972, for filing, 17,656 summary dispossess actions. On the average, 90 cases were listed and 85 disposed of each and every court day.
The Legislature well knew what it was doing when it created this statute as a summary proceeding. If only 25% of the parties involved in these 17,656 causes were entitled to and had the cases heard by a jury instead of by a judge in a summary manner, the court would be effectively clogged and powerless to administer the summary dispossess actions, to say nothing of the disposition of the various other civil and tort matters pending therein. This course would require an untold additional number of judges, new court rooms, expanded lists of jury panels and increased personnel.
If each jury could be (1) selected, (2) impaneled, (3) hear the facts, (4) hear openings, (5) hear summations, (6) be charged (7) deliberate, and (8) deliver its verdict in a day, the court with its existing personnel and judges could hear one or possibly two cases a day. I know not what would happen to the other 83 landlord and tenant cases listed each and every day. At the end of the first week there would conceivably be a backlog of 332 unheard cases that would have ordinarily been disposed of under the summary statute.
*13 This is why the act, as it was passed by the Legislature, contained the designation "summary actions." This is why the courts have construed them as summary proceedings. This is why the Legislature enacted the various other remedies for the parties. This is why the judgment for possession is not binding, final or res adjudicata. This is why the right to a trial by jury exists for the parties even after the summary proceedings. If the act is to be changed from its designated summary character, it must be changed by the Legislature and not by the courts.
No cogent reason has been presented to show that the rights of any of the parties have been violated or watered down. There has been no showing of why a decision by a judge sitting without a jury deprives any party of a full day in court under the summary statute.
The ruling of the court makes moot the question of whether a party represented by one of the recognized law reform projects automatically, ipso facto, is exempted from the payment of jury fees without application to the court. That question is not before the court except to the extent the fees herein have been paid under protest. It is the conclusion of this court that R. 1:13-2, in its exception without obtaning further approval of the court, applies only to the fees necessary to bring the indigent party to a hearing and his day in court. As such, the automatic exemptions apply to filing and processing fees. Any other waivers such as fees for transcripts or interpreters and the like would have to be granted on application to the court.