158 N.J. Super. 503 (1978)
386 A.2d 873
LUCILLE AND PLES PETERSON, CALLAHAN CATO, JONAS MCGEE, LENA KIRSH, LOIS HODGE, JAMES SMITH, AND JULIA SMITH, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS-APPELLANTS,
v.
HONORABLE NICHOLAS ALBANO, PRESIDING JUDGE, ESSEX COUNTY DISTRICT COURT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 13, 1978.
Decided April 10, 1978.
*504 Before Judges MICHELS, PRESSLER and BILDER.
Mr. Sam Farrington argued the cause for appellants (Mr. Harris David, Mr. Farrington and Mr. Edward Tetelman, attorneys; Mr. Tetelman, of counsel and on the brief).
Mr. Michael S. Bokar argued the cause for respondent (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Mr. William F. Hyland, former Attorney General of New Jersey, and Mr. Stephen Skillman, Assistant Attorney General, of counsel).
The opinion of the court was delivered by MICHELS, J.A.D.
Plaintiffs appeal from a judgment of the Law Division entered in favor of defendant which in part declared that there was no right to a jury trial in a summary dispossess action instituted in the county district court pursuant to N.J.S.A. 2A:18-53 et seq.
The procedural background giving rise to this appeal is not in dispute. In June 1976 the Housing Authority of the City of Newark (Housing Authority) instituted a summary action in the Essex County District Court against plaintiffs Lucille Peterson and Ples Peterson for recovery of premises pursuant to the provisions of N.J.S.A. 2A:18-53 et seq. The Housing Authority charged that plaintiffs had breached the terms of their lease in several respects, including failing to furnish the Housing Authority with information on current income, removing and destroying Housing Authority property, violating Housing Authority regulations *505 on the use of rooms and disturbing the peace and quiet of the other tenants. Plaintiffs demanded a trial by jury of 12 on all issues, which was denied by the presiding judge of the court. Plaintiffs' motion for leave to appeal from that order was denied by this court, as was their motion for leave to appeal to the Supreme Court.
In November 1976 the Housing Authority instituted additional summary dispossess actions against plaintiffs Callahan Cato, Jonas McGee, Lena Kirsh, Lois Hodge, James Smith and Julia Smith, alleging that they had wrongfully held over the premises despite proper and timely notice to quit. The presiding judge also refused to grant these plaintiffs a trial by jury, but stayed the dispossess proceedings pending the filing and disposition of plaintiffs' proposed action "for the purpose of final resolution concerning the right to jury trial in tenancy matters."
Thereafter, in December 1976 plaintiffs instituted an action in lieu of prerogative writs in the Law Division against defendant the Honorable Nicholas Albano, Presiding Judge of the Essex County District Court. Plaintiffs sought a judgment: (1) certifying the case as a class action on behalf of themselves and all other tenants in the County of Essex, who are or will be defendants in summary dispossess actions in the Essex County District Court; (2) directing the presiding judge to grant a jury trial to them and to any other defendant who requests a jury trial in a summary dispossess proceeding; (3) declaring that the denial of their requests for a jury trial violated N.J. Const. (1947), Art. I, par. 9 and N.J.S.A. 2A:18-16, and, (4) enjoining the eviction proceedings against each of them pending determination of this action. Both parties moved immediately for summary judgment.
At the conclusion of the hearing the trial judge dismissed the complaint because of the availability of an appeal from any judgment that may ultimately be rendered by the county district court in the pending summary dispossess *506 actions.[1] He also held that there was no right to a jury trial in a summary dispossess action under the Constitution, laws or court rules of New Jersey, and entered judgment in defendant's favor. Plaintiffs appeal.
We are entirely satisfied that Judge Thomas in the Law Division correctly held that there was no right to a jury trial in a summary dispossess action instituted in the county district court pursuant to N.J.S.A. 2A:18-53 et seq. The constitutional guarantee that "The right of trial by jury shall remain inviolate * * *," N.J. Const. (1947), Art. I, par. 9, merely preserves the right to a jury trial that existed at common law at the time the New Jersey Constitution of 1776 was adopted. Montclair v. Stanoyevich, 6 N.J. 479, 487-488 (1951). No right to a jury trial in a summary dispossess action existed at common law when the Constitution of 1776 was adopted and no such right presently *507 exists either by common law, statute or rule of court. See Alfour Inc. v. Lightfoot, 123 N.J. Super. 1 (Cty. D. Ct. 1973). Whatever doubt may have remained after the Alfour decision was laid to rest by the Supreme Court's amendment of R. 6:5-3(a) (effective September 10, 1973). The rule was amended to make clear that there is no right to a jury trial in a summary dispossess action brought under N.J.S.A. 2A:18-53, et seq. See Pressler, Current N.J. Court Rules, Comment to R. 6:5-3(a).
Affirmed.
NOTES
[1] We have elected to consider the merits of the jury trial issue raised by this appeal in view of its obvious public importance, particularly to the administration of our county district courts. We therefore deny defendant's motion to dismiss the appeal on the ground that the Superior Court lacks jurisdiction to issue an order in the nature of a writ of mandamus to compel the county district court judge to summon a jury in summary dispossess actions. Notwithstanding, we emphasize that a proceeding in lieu of prerogative writs is an inappropriate remedy in this case. It is fundamental that the remedy of mandamus is a drastic one to be invoked only where plaintiff's right to compel the performance of a ministerial act is clear and certain without the availability of alternate adequate relief. See Vacca v. Stika, 21 N.J. 471, 476 (1956); Garrou v. Teaneck Tryon Co., 11 N.J. 294, 301-303 (1953); Gallena v. Scott, 11 N.J. 231, 237-238 (1953). Such is not the situation herein. Furthermore, as the United States Supreme Court emphasized in Kerr v. United States District Court, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976), in holding that mandamus was an inappropriate remedy to challenge a judge's rulings on discovery proceedings:

"* * * [M]andamus actions such as the one involved in the instant case `have the unfortunate consequence of making the [district court] judge a litigant, obliged to obtain personal counsel or to leave his defense to one of the litigants [appearing] before him' in the underlying case." [at 402, 96 S.Ct. at 2124]