Ida CROCKER, on behalf of herself and all others similarly situated, Plaintiff,

v.

FIRST HUDSON ASSOCIATES, Hudson Property Associates and Lismarck Management Corp., Defendants,

and

State of New Jersey,* Intervenor.

Civ. No. 82–2331.

United States District Court, D. New Jersey.

Aug. 3, 1983.

Gregory G. Diebold, Hudson County Legal Services, Jersey City, N.J., for plaintiff.

* Pursuant to 28 USC § 2403(b). The named defendants joined in the intervenor's cross-motion for summary judgment.

Bruce D. Hersh, Geltzeiler, Mandel, Berezin & Feinstein, Newark, N.J., for named defendants.

Irwin I. Kimmelman, Atty. Gen. of N.J., by Daniel P. Reynolds, Deputy Atty. Gen., Trenton, N.J., for intervenor.

BIUNNO, Senior District Judge.

The factual background of this case, which presents no issue of fact, is set out in the detailed opinion of September 22, 1982.[1]

Suffice it to say that plaintiff is a tenant occupying residential quarters and was made a defendant in summary dispossess proceeding initiated against her in Hudson County District Court. That action was decided in her favor, which made it unnecessary to consider her application to this court for a preliminary injunction to restrain prosecution of the suit. Nonetheless, the declaratory judgment aspect of the case was not considered mooted by that disposition.

After amending her complaint here in respects not now material, and seeking a class action certification which was denied without prejudice, plaintiff brought on a motion for summary judgment. The State, which had meanwhile intervened, submitted a consent order to adjourn the motion hearing but the court declined to approve it. Instead, it ordered plaintiff's motion decided under Rule 78 without oral argument and set a schedule for briefs which had the effect of allowing more time than would have the requested adjournment.

The named defendants submitted no brief in response to plaintiff's motion. The intervening State of New Jersey filed a "Cross-Motion" for summary judgment, accompanied by a brief, by the date set to answer plaintiff's motion. No one filed reply papers as permitted.

1. Reported at 569 F.Supp. 97.

The State's cross-motion carried no return date and so was never listed on the motion calendar, and no notice was issued by the clerk to set an argument date on the cross-motion.

In any event, it is now plain that the named defendants do not intend to incur expense in answering the motion, and that plaintiff's motion and the State's cross-motion present the basic issue as one of law, making it ripe for decision although the court believes it to be presented in somewhat hypothetical fashion because of the absence of proof in the record here of the details of the Hudson County District Court action.

Putting that doubt to one side, it is clear to the court as a matter of law that plaintiff's frontal broadside attack on New Jersey's statutory procedure for the summary dispossession of tenants cannot be sustained.

The attack is grounded entirely on the proposition that a landlord desiring to repossess rented premises may choose between a summary proceeding for immediate possession under NJSA 2A:18–53 where the tenant is not within the main group of residential tenants covered by the Anti-Eviction Act, NJSA 2A:18–61.1, et seq., and under the latter statute when applicable (as here, evidently) on the one hand, and a plenary common-law action for ejectment, for which NJSA 2A:35–1 is the legislative declaration.

It is said that by reason of *Peterson v. Albano*, 158 N.J.Super. 503, 386 A.2d 873 (App.1978) the landlord who chooses the summary proceeding authorized by NJSA 2A:18–53 or 61.1 as the nature of the tenancy may happen to be can prevent the tenant from demanding a jury trial, while a landlord who wants a jury trial may bring this suit as a plenary ejectment action via NJSA 2A:35–1. This pattern it is said, puts in the landlord the full choice whether the litigation will be open to trial by jury or not, leaving the tenant powerless to exercise an equivalent option. This it is argued, is a denial of equal protection of the laws guaranteed by the Fourteenth Amendment and a valid basis for this § 1983 lawsuit. The claim is also made that the question is to be tested by the "strict scrutiny" or "compelling interest" test rather than by the "rational basis" test.

The case is squarely controlled by *Lindsey v. Normet*, 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972) which sustained an Oregon statute of similar nature against an even broader attack.

*Pernell v. Southall Realty*, 416 U.S. 363, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974), which invalidated a like federal statute for the District of Columbia for failure to provide for jury trial, is of no help to plaintiff because its outcome rests on the Seventh Amendment provision for jury trial in civil cases, applicable only to the federal government and never applied (so far as the court can ascertain) to the States.

■ The court also remains of the view that the right to trial by jury in summary dispossess cases, going back to the 1847 statute analyzed before is still in force as NJSA 2A:18–16.[2]

Plaintiff argues that in *Peterson v. Albano, supra,* there was a notice of appeal as well as a petition for certification, that latter being denied, 78 N.J. 337, 395 A.2d 205 (1978). She attaches to her brief a copy of an order of the Supreme Court in *Peterson,* # M–12, September Term, (1978), which read in its text:

This matter having been duly presented to the Court, it is ORDERED that the motion to dismiss appeal is granted.

■ Aside from the fact that papers attached to brief are not part of the record in this court, this terse order is wholly inadequate to support the inference that there was a decision on the merits of the alleged "appeal," especially since review by certification is itself labelled as one of the modes of "appeal" by both NJ Constitution and

---

**2.** There is no challenge advanced to the amendment to N.J. Court Rule R. 6:5–3(a), effective September 10, 1973, which deleted the *proce-* *dure* for demanding a jury trial in summary dispossess actions, see 158 N.J.Super. at 507, 386 A.2d 873.

the New Jersey Court Rules. Even if both a notice of appeal "as of right", and a notice of petition for certification (by leave) were filed as the New Jersey practice permits, see *Herring v. Fenton*, 531 F.Supp. 937 (D—N.J., 1981),[3] this single terse order could be the result of filing the notice out of time, of failure to specify constitutional questions intended to be raised by the appeal as of right in the petition (brief) for certification, or any of many reasons not implying a ruling on the merits. Compare *Hicks v. Miranda*, 422 U.S. 332, at pages 343–345, 95 S.Ct. 2281, at pages 2288–89, 45 L.Ed.2d 223 (1975).

But assuming that there is no jury trial in summary dispossess cases, the fact is that a landlord who succeeds in gaining possession by such a proceeding is thereby exposed to a plenary suit by the tenant, in which a jury trial can be demanded by the tenant, for multiple damages for wrongful dispossess. The first judgment is not res judicata, and not even evidential to provide the landlord with a defense, in the second action. This was analyzed in detail in *Ortiz v. Englebrecht*, 61 F.R.D. 381 (D—N.J., 1973) and need not be repeated here.

For these reasons, separately and in combination, the court is satisfied that the New Jersey summary dispossess statutes (including the Anti-Eviction Act) are not open to successful attack on equal protection grounds.

An order is entered denying plaintiff's motion and granting the State's cross-motion.

3. See *Jones v. Superintendant, etc.*, 725 F.2d 40 (CA–3, 1984), declining to apply *Herring* to the issue of exhaustion of available state remedies in a proceeding under 28 U.S.C. § 2254.