By the Court.
 

 This is an original suit in this court praying a writ of mandamus against the members of the city council of Cleveland, Ohio, to compel legislative action on the part of the council in the matter of submitting to the electors of the city of Cleveland at a special election the
 
 *391
 
 question of certain amendments to the charter of the city of Cleveland.
 

 Section 9 of Article 5VIII of the Ohio Constitution provides that proposed amendments to a city charter shall be submitted to the electors by the legislative authority of the city, upon petition signed by 10 per cent, of the electors of the municipality, setting forth such proposed amendments. The charter of the city of Cleveland already existing, in Section 182 thereof, provides that, when such petitions are filed with the
 
 election authorities,
 
 the same shall be submitted by the council. That section of the charter further provides:
 

 “The ordinance providing for the submission of any such amendment shall be submitted to the electors at the next regular municipal election if one shall occur not less than sixty (60) nor more than one hundred and twenty (120) days after its passage; otherwise it shall provide for the submission of the amendment at a special election to be called and held within the time aforesaid.”
 

 Sections 30 and 31 of the Cleveland Charter provide that initiative, referendum, or recall petitions shall be filed with the city clerk, and that within ten days thereafter the clerk shall determine whether there is a sufficient number of signers and attach a certificate showing the result of his examination.
 

 Belators further allege that petitions in all respects sufficient and regular, and containing three times as many signatures as were necessary, proposing charter amendments, were filed with the board of elections on February 11, 1927, and on March 14, 1927, they advised the council of the
 
 *392
 
 city of Cleveland of that fact and requested the introduction and passage of an ordinance to fix a day for a special election sufficiently in advance of the regular municipal election to be held in November, 1927, in order that, if said proposed amendments should be approved, the said regular municipal election might be conducted in accordance therewith. It is further alleged that no ordinance has been introduced for that purpose and no further steps of any kind taken looking to a special election.
 

 The petition in this cause was filed March 23, 1927, and the alternative writ of mandamus was allowed by one of the members of this court, returnable April 12th. An answer, however, was filed March 28th by the city council denying any official knowledge of any such petition having been filed, and stating that none was filed with the council of said city, and that said council had no knowledge as to whether or not there was a sufficient number of signatures, or as to their genuineness or as to the persons who had circulated said petitions, or what oath had been made thereto, and that their only knowledge of the same was from rumor or hearsay. They deny having any purpose to delay the relators in holding a special election.
 

 Subsequently to the filing of that answer, to wit, on April 12, 1927, a supplement was filed to the petition, alleging that a communication was sent on March 21, 1927, by the election authorities to the city council, stating that a petition had been filed with the board of elections on February 11, 1927, and further advising that the petition contained 31,747 signatures, being more than the required
 
 *393
 
 number. The supplemental pleading further states that the communication was received by the city council and read at the regular meeting of .the council on April 4, 1927, and that the communication was referred to the committee on judiciary.
 

 Thereupon a demurrer was filed by the city council to the petition and the supplement, and at the same time relators filed a motion for judgment upon the pleadings.
 

 Whether the cause be determined upon the demurrer, or upon the motion for judgment, the result must be the same. The answer has not been withdrawn, and the demurrer searches the record. Inasmuch as the answer must, be considered and its allegations taken as true, we cannot overlook its denial of knowledge as to whether the petitions are sufficient in form and substance and that defendant asks that the sufficiency of the petitions be determined by the city council, the only body having authority to make the determination. The allegation of the supplemental petition relative to the communication from the board of elections to the city council adds nothing, unless it be conceded that the board of elections is the proper place for filing the petitions, and unless it be further conceded that that board has authority to pass upon the sufficiency of the petitions in form and substance.
 

 The fundamental question is whether the provisions of Section 182 of the charter are in conflict with Section 9 of Article XVIII of the Ohio Constitution. It is urged that, while the Constitution provides that the submission must be made by the legislative authority, it contains no provision
 
 *394
 
 against having the sufficiency of the petitions determined by some other agency. Such an interpretation of the constitutional provision would make the legislative authority of the city nothing more than a rubber stamp. A submission by the legislative authority clearly implies, if it does not definitely express, that some power and some duty is intrusted to that legislative authority. A special election in a populous city like Cleveland involves an enormous expense. This expense should be avoided on economic grounds, unless there is a clear warrant for the submission. On political grounds the submission should not be made unless the petitions are sufficient in form and substance and all statutory requirements calling for the submission have been fairly met.
 

 In the course of the oral argument the question was propounded to counsel for the relators as to where the petitions would be filed in the absence of any charter provisions on the subject, to which counsel very frankly and correctly replied that they would have to be filed with the city council. This answer is correct because of the provisions of the Constitution requiring the submission to be made by the city council.
 

 A further question was propounded as to who would determine the sufficiency of the petitions in the event they were found to be patently deficient, even though the charter provision relative to filing the petitions with the board of elections should be held to be valid. Again counsel frankly and correctly answered that no one could make such a determination except the city council.
 

 By a process of confession and avoidance, coun
 
 *395
 
 sel insisted, however, that the petition alleged that the initiated petitions were in all respects sufficient, and that the demurrer to the petition admits the truth of that allegation. This cannot be true, because the demurrer searches the record, and the motion for judgment likewise takes into consideration the answer in which relators are put upon their proof as to the sufficiency of the petitions.
 

 Inasmuch as the Constitution requires the submission to be made by legislative authority, it follows that that authority need not make the submission- unless satisfied of the sufficiency- of the petitions and that all statutory requirements are fairly met. This function being reposed by the Constitution in the legislative branch of the government, it does not lie in the power of the people of the municipality to transfer it to an arm of the executive branch, viz. the board of elections. This must be true for a stronger reason. The board of elections is not in any sense a municipal functionary. It is strictly a board and an arm of the state government. It would be anomalous indeed that an agency of the state government could impose upon a municipality a special election in a matter in which the municipality alone was affected.
 

 In reaching a determination of this case it is not necessary to declare Section 182 of the charter to be unconstitutional. It is sufficient to say that its provisions are contrary to the constitutional provisions, and, the Constitution being the higher authority, it must be regarded, and the charter must be ignored. The paramount authority must prevail over the subordinate authority.
 

 This controversy is in all essential respects
 
 *396
 
 similar to
 
 Switzer
 
 v.
 
 State ex rel. Silvey,
 
 103 Ohio St., 306, 133 N. E., 552. It is not 'necessary to quote from the syllabus or opinion in that case, but it is a very definite authority in support of the conclusions we have reached.
 

 This being a suit in mandamus, the peremptory writ cannot be allowed unless there is a clear legal right to the relief prayed for. We are of opinion that the determination of the sufficiency of the petitions must be made by the same authority which is enjoined to make the submission, and, in order that that determination may be made, the petitions must be filed with the city council.
 

 The demurrer to the petition and the supplement thereto will be sustained, and the motion for judgment upon the pleadings will be resolved in favor of the defendant. The petition will therefore be dismissed at relator’s costs.
 

 Writ denied.
 

 Marshall, C. J., Day, Allen, Kinkade and Matthias, JJ., concur.