Allen, J.
 

 In case No. 24290 the relator prays for a writ of mandamus seeking to compel the respondent to direct the boards of elections of the eighty-éight counties that signers of referendum petitions must personally fill in their residences, wards, townships or precincts on such referendum petitions. In case No. 24289 the relator prays for a writ of prohibition to restrain the respondent as secretary of state and chief election officer of the state from taking any steps
 
 *96
 
 toward placing House Bills Nos. 270 and 271, passed by the Ninetieth General Assembly, on the ballot at the election in November, 1933, for a referendum election thereon, upon the ground that such referendum petitions are insufficient in law in that two separate enactments were placed on the same petition contrary to the provisions of Article II, Section lc, and other sections of the Constitution of Ohio. A demurrer has been filed to each petition.
 

 While there are certain statutory provisions governing the requirements for. signatures to referendum petitions, the controversy in case No. 24290 is controlled by Article II, Section 1
 
 g,
 
 of the Constitution of Ohio, the pertinent portions of which are as follows:
 

 “Any initiative, supplementary or referendum petition may be presented in separate parts but each part shall contain a full and correct copy of the title, and text of the law, section or item thereof sought to be referred, or the proposed law or proposed amendment to the constitution. Each signer of any initiative, supplementary or referendum petition must be an elector of the state and shall place on such petition after his name the date of signing and his place of residence. A signer residing outside of a municipality shall state the township and county in which he resides. A resident of a municipality shall state in addition to the name of such municipality, the street and number, if any, of his residence and the ward and precinct in which the same is located. The names of all signers to such petitions shall be written in ink, each signer for himself.”
 

 These provisions seem to the majority of the court conclusive. They require the names of all signers to be written in ink, “each signer for himself,” and hence signify that the name can be signed by no one except the elector sponsoring the petition. With reference to the township and the county, the municipality, the street number, the ward and precinct, Section 1
 
 g
 
 sim
 
 *97
 
 ply requires that the signer shall “state” or “place” on the petition this information. This “ stating” or “placing” is sharply distinguished both in word and in meaning from the signing of the name by “each signer for himself.” Hence we hold in the mandamus action that it is not necessary for an elector himself to write out the date, his place of residence, the township and county, the municipality, the street number, or the ward or precinct. He is required to sign his own name, and if the other information called for is properly filled in by some one else, at the direction and with the authority of the elector signing the petition, the Constitution has been complied with. This ruling requires that the demurrer filed to the petition in mandamus be sustained.
 

 In the prohibition action, which also arises upon demurrer, a different question is raised. The principal ground upon which relief is sought is that under the Constitution two separate enactments cannot be attacked in the same referendum petition. In support of the demurrer the main contention is that this question is foreclosed by the judgment of this court in the case of
 
 State, ex rel. Hubbell,
 
 v.
 
 Bettman, Atty. Genl.,
 
 124 Ohio St., 24, 176 N. E., 664. That case held:
 

 “An initiated petition may propose several separate and distinct amendments to the Constitution of Ohio, even though they do not all relate to the same subject-matter, provided the same are so separated and distinguished from each other in the petitions that the electors may appreciate and understand that they are proposing distinct and unrelated propositions, and further provided that when the same are printed upon the ballot the individual voters may vote separately upon each separate proposal.”
 

 We see a plain distinction, however, between the holding cited and the instant controversy.
 

 The constitutional provision with reference to referendum contained in Article II, Section lc, is far more
 
 *98
 
 specific and emphatic than that with reference to the initiative contained in Section
 
 la.
 
 In Section lc, relating to referendum, the Constitution makers again and again reiterate that the referendum is to apply to “any law,” to “such law.” The singular number is used repeatedly throughout the section. The Legislature itself is prohibited from passing a statute dealing with more than one general subject. Can the people, in one blanket petition, call for a referendum election. upon the entire legislation enacted during one session of the Legislature?
 

 "We hold that the case of
 
 State, ex rel. Hubbell,
 
 v.
 
 Bettman, Atty. Genl., supra,
 
 does not apply; that under Article II, Section lc of the Ohio Constitution, more than one enactment cannot be placed in the same petition calling for a referendum election.
 

 The secretary of state necessarily will act in a quasi-judicial capacity in determining the sufficiency of the petition. Hence the objection that prohibition does not lie in the present controversy is untenable.
 

 This ruling compels the overruling of the demurrer in the prohibition action.
 

 Demurrer overruled in case No. 24289.
 

 Demurrer sustained in case No. 24290.
 

 ,
 
 Weygandt, C. J., Day, Stephenson, Jones and Matthias, JJ., concur.
 

 Bevis, J., not participating.