The State, ex rel. White, *v.* Brown, Secy. of State, et al.

(No. 40048—Decided April 6, 1966.)

*Messrs. Wistner, Ruben & Riseling* and *Mr. Robert N. Wistner,* for relator.

*Mr. William B. Saxbe,* attorney general, *Mr. Robert D. Macklin* and *Mr. Charles W. Ayers,* prosecuting attorney, for respondents.

Taft, C. J. By this original action in mandamus relator, William L. White, seeks to compel respondent, Secretary of State, to certify relator's name as a candidate for Governor. This case is before the court on the pleadings, a partial stipulation of facts and testimony adduced before master commissioners appointed by this court.

Prior to the filing deadline, relator submitted to the respondent, Secretary of State, a properly executed declaration of candidacy with his petitions and part-petitions containing

1,433 signatures from over one-third of the counties in Ohio. After such petitions were processed by the various county boards of elections and by the Secretary of State, the Secretary of State ruled that 775 of the signatures were valid, and 658 were invalid. On February 2, 1966, the Secretary of State informed relator his petitions did not contain sufficient valid signatures to qualify him as a candidate for Governor.

It is stipulated that the Secretary of State invalidated 229 signatures because someone other than the signer had inserted the date following the signature.

It is stipulated further that the Secretary of State in making these rulings acted solely upon the appearance of the petition and had no other evidence before him.

Section 3501.38, Revised Code, requires that "each signer shall place on the petition after his name the date of signing." Although this language might reasonably have been construed to require the signer to place the date on the petition himself, such language was otherwise construed in *State, ex rel. Patton,* v. *Myers, Secy. of State* (1933), 127 Ohio St. 95, 186 N. E. 872. Paragraph one of the syllabus of that case reads:

"Under Article II, Section 1 (G) of the Ohio Constitution, a signer of any initiative, supplementary or referendum petition must personally sign his own name to such petition in ink, but some other person, under the authority and direction of the signer, may write on the petition, after the signer's name, the date of signing and the signer's place of residence, as required by that section."

Since the General Assembly used the same words in Section 3501.38 (C), Revised Code, that this court had construed in the *Patton case*, it necessarily follows that, under that section, a person other than the signer of a petition may, under the authority and direction of the signer, write on the petition, after the signer's name, the date of signing.

In the instant case, the Secretary of State admits that there was nothing on the face of the petitions, that contained dates inserted by others than signers, which would show that a signer had not instructed the circulator to insert the date appearing after his name.

Thus, in order to determine that these signatures were in-

valid, it was necessary for the Secretary of State to infer from the fact, that someone other than the signer of the petition had written after a signer's signature what purports to be the date of his signing on the petition, that this had not been done (to use this court's words in *State, ex rel. Patton,* v. *Myers, Secy. of State, supra*) "under the authority and direction of the signer."

In our opinion, such an inference would be unreasonable if supported, as it admittedly was in the instant case with respect to each of 229 of the signatures ruled invalid, only by that fact and by no other evidence.

In other words, we are of the opinion that the mere fact, standing alone, that the date of signing after the name of the signer of a petition was written by someone other than such signer, will not support a reasonable inference that such date of signing was not written "under the authority and direction of the signer."

That mere fact standing alone would at most be sufficient to arouse the suspicion of the Secretary of State and to justify his calling for an explanation from the signer of the petition involved, from its circulator or from the candidate.

Hence, we conclude that there was no legal basis for the Secretary of State determining that 229 signatures on relator's petition were invalid merely because someone other than a signer wrote the date of signing on the petition after the signer's name.

Actually, in the instant case, after this action was filed, relator presented affidavits to the Secretary of State from the circulators that stated that each of the dates involved had been written in by the circulator in the presence of and at the request of the signer of the petition. Testimony was also offered during the hearing to substantiate those facts. It is unnecessary for us to consider whether those affidavits or that testimony was admissible. It is sufficient to state that no evidence to the contrary was offered.

Because of our conclusion with respect to these 229 signatures, it is apparent that relator had over 1,000 valid signatures. Hence, it is unnecessary for us to consider the validity of any of the other signatures rejected by respondents.

64

It follows that a peremptory writ of mandamus must issue directing the Secretary of State to certify relator's name as a candidate for Governor.

*Writ allowed.*

Zimmerman, Matthias, O'Neill and Herbert, JJ., concur.
Schneider and Brown, JJ., dissent.

Brown, J., dissenting. As recently as *State, ex rel. Flynn,* v. *Board of Elections of Cuyahoga County,* 164 Ohio St. 193, this court recognized that the statutes impose the duty of determining the sufficiency and validity of petitions and nominating papers upon the Secretary of State or the board with whom such petition papers are filed and that the decisions of those officials are not subject to judicial review in the absence of allegations of fraud, corruption, abuse of discretion or a clear disregard of applicable legal provisions.

The petition here contains only the allegation that there has been an abuse of discretion. The opinion of the majority does not find an abuse of discretion nor does it specify what statutes or legal provisions applicable to the nominating petition papers were disregarded.

*Sullivan* v. *State, ex rel. O'Connor,* 125 Ohio St. 387, and a long line of cases cited therein support the principle that determinations of fact in election matters have been committed by the General Assembly to the boards of election and the Secretary of State and should not be disturbed by judicial authority. This is especially so where defects apparent upon the face of a nominating petition give election officials a factual basis for the finding of insufficiency or invalidity.

It is clear that a violation of Section 3501.38, Revised Code, occurred here and was the basis of the ruling of the Secretary of State.

The decision of the majority eliminates the requirement of that statute.

The writ should be denied.

Schneider, J., concurs in the foregoing dissenting opinion.