THE STATE, EX REL. O'GRADY ET AL., *v.* BROWN, SECY. OF STATE.

(No. 76-1092—Decided October 19, 1976.)

18

Messrs. *Alexander, Ebinger, Holschuh, Fisher & Mc-Alister* and Mr. *Robert B. McAlister*, for relators.

Mr. *William J. Brown*, attorney general, and Mr. *Thomas V. Martin*, for respondent Secretary of State.

Messrs. *Moots, Hulton, Weinberger & Cope*, Mr. *Robert M. Weinberger*, Mr. *Edward A. Harter* and Mr. *John Quinn*, for respondent intervenors.

*Per Curiam.* The determinative issue presented in this cause is whether a writ of prohibition is an available remedy for the relief sought by relators.

"It has long been the law of this state that the conditions which must exist to support the issuance of a writ of prohibition are: (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that refusal of the writ would result in injury for which there is no other adequate remedy. * * *" *State, ex rel. Lehmann,* v. *Cmich* (1970), 23 Ohio St. 2d 11. It is the first of the above-stated requisites which is crucial in the instant cause. For relators to prevail there must be a "* * * showing that the acts [of the Secretary of State] sought to be prohibited constitute a usurpation of quasi-judicial power. * * *" *State, ex rel. Schwartz,* v. *Brown* (1972), 32 Ohio St. 2d 1, 3.

Section 1g, Article II, Ohio Constitution, provides that the Secretary of State "shall cause to be placed upon the ballots" any proposed laws or amendments to the Constitution which are presented by initiative petition. Although the "* * * Secretary of State necessarily will act in a quasi-judicial capacity in determining the sufficiency of the petition" (*State, ex rel. Patton,* v. *Myers* [1933], 127 Ohio St. 95, 98), the placing of the issues on the ballots is ministerial in nature and not quasi-judicial. The acts of the Secretary of State herein sought to be prohibited fall squarely within the definition of "ministerial act" found in Black's Law Dictionary (4 Ed.). That definition, which was quoted approvingly by the court in *Maloney* v. *Rhodes* (1976), 45 Ohio St. 2d 319, 323, reads: "One which a person performs in a given state of facts in a prescribed manner in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment upon the propriety of the act being done."

It is the conclusion of this court that the placing of the issues in question on the ballots and tabulating the votes cast thereon do not constitute the exercise of quasi-judicial power by the Secretary of State. Therefore, there is "no showing that the acts sought to be prohibited constitute a usurpation of quasi-judicial power" (*State, ex*

*rel. Schwartz, v. Brown, supra*), and prohibition does not lie.

Although relators' request for a writ of prohibition must be denied for the reasons expressed above, it is fitting to observe that the delay between the time the Secretary of State informed the leaders of the General Assembly that he could no longer delay the advertising, on September 9, and the time of the filing of relators' action in this court on September 27, could, in itself, be sufficient cause to deny relief even if relators were otherwise entitled to it. In election cases "* * *where time is such an important factor, extreme diligence and the promptest of action * * *" are required, and can result in deprivation of the relief sought. *State, ex rel. Schwartz, v. Brown* (1964), 176 Ohio St. 91.

Accordingly, the writ of prohibition is denied.

*Writ denied.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.