THE STATE, EX REL. GLASS, *v.* BROWN, SECY. OF STATE, ET AL.

(No. 77-1002—Decided October 13, 1977.)

*Messrs. Weston, Hurd, Fallon, Paisley & Howley, Mr. James P. Conroy* and *Mr. James R. Hanson,* for relator.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas V. Martin,* for respondent.

*Messrs. Moots, Hultin, Weinberger & Cope* and *Mr. Robert M. Weinberger,* for intervenors-respondents.

*Per Curiam.* Under the law of this state as enunciated by this court, "* * * the conditions which must exist to support the issuance of a writ of prohibition are: (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in

injury for which there is no other adequate remedy. *State, ex rel. Caley,* v. *Tax Comm.,* 129 Ohio St. 83, at 87." *State, ex rel. Lehmann,* v. *Cmich* (1970), 23 Ohio St. 2d 11.

If the Secretary is not about to exercise judicial or quasi-judicial power, then such writ cannot properly issue.

The Secretary is lawfully obligated to publish the proposed amendment, arguments and explanations for and against it (Section 1g, Article II, Ohio Constitution), and "* * * certify to the several boards the forms of ballots * * *." R. C. 3501.05 and 3519.03.

The Secretary's mandated course of conduct here is similar to his duties as challenged in *State, ex rel. O'Grady,* v. *Brown* (1976), 48 Ohio St. 2d 17, in which this court held at pages 20-21, that: "Section 1g, Article II, Ohio Constitution, provides that the Secretary of State 'shall cause to be placed upon the ballots' any proposed laws or amendments to the Constitution which are presented by initiative petition. Although the '* * * Secretary of State necessarily will act in a quasi-judicial capacity in determining the sufficiency of the petition' (*State, ex rel. Patton,* v. *Myers* [1933], 127 Ohio St. 95, 98), the placing of the issues on the ballots is ministerial in nature and not quasi-judicial * * *.

"It is the conclusion of this court that the placing of the issues in question on the ballots and tabulating the votes cast thereon do not constitute the exercise of quasi-judicial power by the Secretary of State. Therefore, there is 'no showing that the acts sought to be prohibited constitute a usurpation of quasi-judicial power' (*State, ex rel. Schwartz,* v. *Brown, supra*), and prohibition does not lie."

The relator has not demonstrated that the Secretary is about to usurp judicial or quasi-judicial power and, therefore, under *Lehmann* and *Caley, supra,* is not entitled to the extraordinary writ sought.

The writ is denied.

*Writ denied.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.