OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Semik v. Board of Elections of Cuyahoga Cty.
et al.
[Cite as State ex rel. Semik v. Bd. of Elections of Cuyahoga
Cty. (1993),      Ohio St.3d      .]
     (No. 93-1238 -- Submitted and decided July 27, 1993 --
Opinion announced September 15, 1993.)
     In Prohibition.
     Relator, Grace Semik, sought a writ of prohibition to
prevent respondents, the Cuyahoga County Board of Elections and
its director, from placing a proposed amendment to the
Independence City Charter on the ballot at a special election
held August 3, 1993.  She argued that holding a special
election violated Article X of the charter.  She filed a
protest before the board of elections, but the protest was not
upheld.
     Respondents filed a motion for summary judgment.1  On July
27, 1993, we granted respondents' motion for summary judgment
and denied the writ with opinion to follow.  67 Ohio St.3d
1414,      N.E.2d    .  This is that opinion.

     Rapoport, Spitz, Friedland & Courtney and Alan J.
Rapoport, for relator.
     Stephanie Tubbs Jones, Cuyahoga County Prosecuting
Attorney, and Michael P. Butler, Assistant Prosecuting
Attorney, for respondents.
     Seeley, Savidge  & Aussem and William E. Blackie III, for
intervening respondents.

     Per Curiam.  Relator contended that the special election
violated Article X of the Independence City Charter.  Article X
states that, upon receipt of a petition proposing a charter
amendment signed by at least ten percent of the registered
voters of the city, the council "shall submit such proposed
amendment to the electors at the next general or regular
municipal election."  The proposed amendment in this case was
to be submitted at a special election to be held on August 3,
1993, which was neither a general nor regular municipal
election date, in clear violation of the charter.  However,

Section 9 of Article XVIII, Ohio Constitution, states in part that submission of charter amendments to the electorate "shall be governed by the requirements of section 8 [of Article XVIII] as to the submission of the question of choosing a charter commission," and Section 8 of Article XVIII states in relevant part:

"The ordinance providing for the submission of such question shall require that it be submitted to the electors at the next regular municipal election if one shall occur not less than sixty nor more than one hundred and twenty days after its passage; otherwise it shall provide for the submission of the question at a special election to be called and held within the time aforesaid."

In this case, the ordinance certifying the proposed amendment to the board of elections was passed on May 25, 1993; August 3, 1993, the date of the special election, was between sixty and one hundred twenty days after passage of the ordinance, as required by Section 8 of Article XVIII, Ohio Constitution, since no general or regular municipal election occurred within that time. Thus, the special election complied with the Constitution, but violated the charter.

In Billington v. Cotner (1971), 25 Ohio St.2d 140, at 146, 54 O.O.2d 270, at 273, 267 N.E.2d 410, at 414, we held that the "manifest object" of Section 9 of Article XVIII "is to provide the procedure for the submission of a charter amendment to electors. The requirements are clear and complete, and are not to be added to or subtracted from."

Relator argues that municipal corporations may "exercise all powers of local self-government" under Section 3 of Article XVIII, Ohio Constitution, and that this "home rule" authority allows the charter to prescribe an alternative method for its amendment. She cites cases in which home rule powers were held to supersede state statutes. However, in State ex rel. Hinchcliff v. Gibbons (1927), 116 Ohio St. 390, 156 N.E. 455, we resolved a conflict between charter provisions and constitutional procedures for amending a charter in favor of the constitutional provisions. In that case, the Cleveland City Charter provided for the filing of petitions proposing charter amendments with the "election authorities," whereas Section 9 of Article XVIII requires submission to the municipal legislative authority. We held:

"Inasmuch as the Constitution requires the submission to be made by legislative authority, it follows that the authority need not make the submission unless satisfied of the sufficiency of the petitions and that all statutory requirements are fairly met. This function being reposed by the Constitution in the legislative branch of the government, it does not lie in the power of the people of the municipality to transfer it to an arm of the executive branch, viz. the board of elections. This must be true for a stronger reason. The board of elections is not in any sense a municipal functionary. It is strictly a board and an arm of the state government. It would be anomalous indeed that an agency of the state government could impose upon a municipality a special election in a matter in which the municipality alone was affected.

"In reaching a determination of this case it is not

necessary to declare Section 182 of the charter to be unconstitutional. It is sufficient to say that its provisions are contrary to the constitutional provisions, and, the Constitution being the higher authority, it must be regarded, and the charter must be ignored. The paramount authority must prevail over the subordinate authority." 116 Ohio St. at 395, 156 N.E. at 457.

We affirm this conclusion. Section 7 of Article XVIII authorizes municipal corporations to adopt and amend a charter, and Sections 8 and 9 of Article XVIII prescribe the procedures for adopting and amending a charter. None of these sections authorizes alternative procedures to be adopted by charter. Moreover, we have stated on other occasions that home rule authority granted under Section 3 of Article XVIII is subject to other provisions of the Constitution. Bazell v. Cincinnati (1968), 13 Ohio St.2d 63, 42 O.O. 2d 137, 233 N.E.2d 864, paragraph one of the syllabus; Billings v. Cleveland Ry. Co. (1915), 92 Ohio St. 478, 484, 111 N.E. 155, 156.

Relator also argues that the charter and constitutional provisions are not in conflict. However, the charter clearly requires submission of a proposed charter amendment to the electors at a general or regular municipal election and Sections 8 and 9 of Article XVIII require submission between sixty and one hundred twenty days after passage of the certifying ordinance if no general or regular or municipal election occurs within that time. While these requirements might not conflict in all cases, they do in this case. In this case, the Constitution must prevail, and the writ must be denied.

Writ of Prohibition

Respondents also argue that a writ of prohibition will not issue to prevent the respondent board from placing an issue such as a proposed charter amendment on the ballot because the board does not exercise quasi-judicial authority.[2] Relator argues that prohibition has been allowed to keep an unauthorized candidate's name off the ballot. We recognize that precedent on this issue is contradictory. However, we cannot reconcile all conflicting precedent on these facts. We do find, however, that Sections 8 and 9 of Article XVIII, Ohio Constitution, require the municipal legislative authority to adopt an ordinance to place a proposed charter amendment on the ballot whenever sufficient petitions have been filed. The municipal legislative authority must exercise quasi-judicial authority in determining the sufficiency of the petitions. See State ex rel. Patton v. Myers (1933), 127 Ohio St. 95, 98, 186 N.E. 872, 873. However, the respondent board of elections has nothing but a ministerial role under the Constitution. Indeed, under our decision in Hinchcliff, supra, the board cannot be granted decisive authority in this area. Therefore, its actions in placing the proposed amendment on the ballot are not quasi-judicial, and the writ cannot be allowed. See State ex rel. O'Grady v. Brown (1976), 48 Ohio St.2d 17, 20, 2 O.O.3d 94, 96, 356 N.E.2d 296, 298.

Accordingly, respondents' motion for summary judgment was granted and the writ denied.

Writ denied.

Moyer, C.J., A.W. Sweeney, Wright, Resnick, F.E. Sweeney

and Pfeifer, JJ., concur.

    Douglas, J., dissents.

FOOTNOTES

1    The petitioners who placed the charter amendment on the ballot moved to intervene as respondents.  We granted the motion to intervene pursuant to Civ. R. 24(A)(2) in 67 Ohio St.3d 1415, 616 N.E.2d 243.  See Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd. (1990), 54 Ohio St.3d 48, 51, 562 N.E.2d 125, 128; State ex rel. Glass v. Brown (1977), 52 Ohio St.2d 7, 6 O.O.3d 76, 368 N.E.2d 837.

2    To obtain a writ of prohibition, relator must prove "(1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying a writ will result in injury for which no other adequate remedy exists in the ordinary course of law."  State ex rel. Ruessman v. Flanagan (1992), 65 Ohio St.3d 464, 465, 605 N.E.2d 31, 33.