[Cite as *State ex rel. Tremmel v. Erie Cty. Bd. of Elections,* 123 Ohio St.3d 452, 2009-Ohio-5773.]

THE STATE EX REL. TREMMEL *v.* ERIE COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *State ex rel. Tremmel v. Erie Cty. Bd. of Elections,*

123 Ohio St.3d 452, 2009-Ohio-5773.]

*Elections — Voter registration — Writs of prohibition and mandamus to compel county board of elections to register petitioner as elector of county — Petitioner did not appeal board's previous determinations that he was not county resident, nor did he deny that circumstances have changed since previous determinations — Petitioner is thus barred by res judicata from contesting residency determination — Board did not abuse discretion or disregard applicable law by denying application to register — Writs denied.*

(No. 2009-1968 — Submitted November 2, 2009 — Decided November 2, 2009.)

IN MANDAMUS AND PROHIBITION.

————————————

**Per Curiam.**

**{¶ 1}** This is an expedited election action for (1) a writ of mandamus to compel respondents, Erie County Board of Elections and its members, to register relator, Martin J. Tremmel, as an elector of Erie County and to maintain or add Tremmel's name to the registration rolls and pollbooks as a registered elector of Erie County and (2) a writ of prohibition to prevent the board of elections and its members from refusing to register Tremmel as an elector of Erie County and from removing Tremmel from the registration rolls and pollbooks as a registered elector of Erie County. Because res judicata barred Tremmel from contesting the board's previous determination that he is not a resident of Kelleys Island, Erie County, and he conceded that he has not alleged a change in circumstances from when the board previously decided the issue, we deny the writs.

**Facts**

{¶ 2} Relator, Martin J. Tremmel, and his wife both grew up in Sandusky in Erie County, Ohio. Tremmel and his wife met at Kelleys Island in Erie County at a 4-H camp and spent time on the island during their childhood. In 1989, Tremmel worked in infectious-disease coordination for Erie County and he lived in Milan in Erie County. While in Milan, the Tremmels' children were born, his daughter in 1989 and his son in 1992. Sometime after the children were born, the Tremmels moved to Huron in Erie County. They subsequently sold the Huron residence. Tremmel worked as the Seneca County Health Commissioner from 1992 to 1995. From 1996 to 2003, Tremmel worked as the Huron County Health Commissioner.

{¶ 3} In 1999, Tremmel and his wife purchased a house and adjacent property on Kelleys Island. They use the adjacent property as a seasonal rental. Around 2002, Tremmel and his wife purchased a home in Columbus in Franklin County. Tremmel's wife works as an administrator for the Worthington School District in Franklin County. In 2003, Tremmel became the Union County Health Commissioner. He worked there until 2008.

{¶ 4} In March 2008, Tremmel was appointed Assistant Director for Policy, Planning, and Administration for the Ohio Department of Health. Tremmel claims that this state position is demanding and time-consuming, requiring him to spend a significant amount of time in Columbus.

{¶ 5} Shortly after Tremmel bought the Kelleys Island property, he registered to vote in Kelleys Island, Erie County. In 2002 and 2003, respondent Erie County Board of Elections, evidently in a proceeding challenging Tremmel's qualifications as an elector of Kelleys Island, considered and rejected Tremmel's claim that he is a resident of Kelleys Island for purposes of registering to vote. According to Tremmel, the board's decision was premised on the fact that his children did not attend school in Kelleys Island. There is no evidence that

Tremmel ever filed suit to contest the board's previous determination that he is not a resident of Kelleys Island, Erie County.

{¶ 6}  In late September 2009, Tremmel completed a voter-registration form and transmitted the form to respondent Erie County Board of Elections.  On the form, Tremmel declared that his address is "117 Hamilton Rd., Kelleys Island, 43438."  By letter dated October 8, the board notified Tremmel that a hearing had been scheduled "to determine if the information you have provided is sufficient to allow you to once again register to vote on Kelleys Island."  No protest or challenge had been filed against Tremmel's right to register to vote in Erie County.

{¶ 7}  On October 22, the board of elections considered the matter. Tremmel was the only person who appeared before the board, and at that hearing, he stated that he has been a resident of Kelleys Island, Erie County since he purchased the property in 1999 and that his intention is to remain a resident there. Tremmel claimed that his Kelleys Island residence is his permanent home, to which he intends to return whenever he is absent.  Tremmel provided the board with copies of his driver's license, a banking statement, and a tax return, which all listed his Kelleys Island home as his residence.  Tremmel stated that he is not currently registered to vote anywhere in the state.

{¶ 8}  Nevertheless, Tremmel admitted that he spends at least two-thirds of his time at his Columbus home, that his wife lives, works, and votes in Franklin County, that his children have never resided at his Kelleys Island property, that he did not know whether anyone outside his family could testify that he lives on Kelleys Island, that the bills for the Kelleys Island property are either paid automatically from his and his wife's Columbus accounts or mailed to his Columbus home, and that he does not participate in community activities in Kelleys Island.  Tremmel stated that he considered the home for his youngest child, who is attending school in Florida, to be Columbus.

**{¶ 9}** One of the board members submitted into evidence a March 17, 2008 Marysville Journal-Tribune newspaper article, which referred to Tremmel as being a resident of Worthington, which is located in Franklin County. Other than the reference to the Worthington residence, Tremmel did not dispute the facts detailed in the article or object to its introduction into evidence, and much of his other testimony confirmed the specified facts.

**{¶ 10}** At the beginning of the hearing, the board indicated that it needed to consider whether there had been changed circumstances relative to Tremmel's voting qualifications since the board had previously considered the residency issue in 2002 and 2003. There is no evidence that Tremmel ever filed an appeal or other litigation to challenge the board's previous decisions. Near the conclusion of the hearing, Tremmel conceded that there were no changed circumstances from when the board last held a hearing and rejected his claimed residency in Kelleys Island, Erie County.

**{¶ 11}** After convening an executive session, the board of elections voted unanimously that Tremmel had not provided evidence of a change in circumstances and denied his application to vote in Kelleys Island, Erie County. In effect, the board determined that Tremmel is not a resident of Erie County for purposes of voting.

**{¶ 12}** Six days later, on October 28, Tremmel filed this expedited election action for writs of mandamus and prohibition against respondents, the board of elections and its members. On that same day, we ordered the board and its members to submit an answer and the parties to submit evidence and briefs by October 30. *State ex rel. Tremmel v. Erie Cty. Bd. of Elections*, 123 Ohio St.3d 1437, 2009-Ohio-5681, 915 N.E.2d 661. The board of elections and its members submitted an answer, and the parties submitted evidence and briefs. In addition, the secretary of state submitted an amicus curiae brief in support of neither Tremmel nor the board and its members.

{¶ 13} This cause is now before the court for our consideration of the merits.

**Legal Analysis**

{¶ 14} Tremmel seeks writs of mandamus and prohibition to compel the board of elections and its members to register him as a Kelleys Island, Erie County elector and to maintain his name on the registration rolls and pollbooks for Kelleys Island.

{¶ 15} To establish his entitlement to the requested extraordinary relief, among other things, Tremmel "must prove that the board of elections engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes or other pertinent law." *Rust v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766, ¶ 8; *State ex rel. Brown v. Butler Cty. Bd. of Elections*, 109 Ohio St.3d 63, 2006-Ohio-1292, 846 N.E.2d 8, ¶ 23. The dispositive issue here is whether the board of elections abused its discretion or clearly disregarded applicable law by rejecting Tremmel's application to register to vote in Kelleys Island, Erie County.

{¶ 16} In his brief, Tremmel states that although he had been registered in Erie County, that registration had been canceled by the board of elections and that this action does not pertain to that prior cancellation. At the hearing, Tremmel stated that the board had previously determined that he was not a resident of Kelleys Island, Erie County in a challenge proceeding heard by the board of elections. Under R.C. 3503.24, a proceeding to correct a precinct registration list or to challenge a registered elector's right to vote must result in a hearing resembling a judicial trial when the board cannot decide the matter solely on its records. The hearing therefore constitutes a quasi-judicial proceeding. Res judicata thus barred Tremmel from relitigating the residency issue, absent changed circumstances. See *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, 905 N.E.2d 1210, ¶ 29

("Res judicata, whether claim preclusion or issue preclusion, applies to quasi-judicial administrative proceedings"). At the hearing before the board of elections, Tremmel admitted that there were no changed circumstances since the board last determined that he was not a resident of Kelleys Island, Erie County, and was thus not qualified to vote there. Cf. *State ex rel. Van Auken v. Brown* (1985), 20 Ohio St.3d 21, 20 OBR 137, 485 N.E.2d 248 (court granted a writ of mandamus to compel the Erie County Board of Elections to register a person as a voter in the Kelleys Island precinct of Erie County where, as here, the board of elections had initially determined in a challenge proceeding that the person was not a resident of Kelleys Island and canceled her registration, but, unlike here, the person thereafter modified her residency status by living full-time on the island and submitting a new registration application to vote in Kelleys Island).

{¶ 17} Significantly, Tremmel does not specifically challenge the board's stated rationale for rejecting his registration application — that he had not established a change of circumstances from the last time that the board rejected his claim that Erie County is his residence. Cf. *State ex rel. Rose v. McGinty*, 123 Ohio St.3d 86, 2009-Ohio-4050, 914 N.E.2d 366, ¶ 2 (affirming judgment of court of appeals denying writs of procedendo and mandamus because appellant failed to challenge all of the independent reasons given by that court to deny the writs); *Stewart v. Corrigan*, 97 Ohio St.3d 80, 2002-Ohio-5316, 776 N.E.2d 103, ¶ 4 ("even if the [appellate] court's rationale on this ground was incorrect, its judgment denying the writ based on the grounds that Stewart does not contest on appeal was proper").

{¶ 18} Finally, we note that this case is markedly different from our recent decision in *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, in which we granted a writ of mandamus to compel a board of elections to find that the relator was a Montgomery County resident for election purposes despite his leaving for Franklin County for the temporary purpose of

serving as a state legislator. In *Husted*, the relator was already a bona fide, registered elector residing in Montgomery County before he entered state service as a legislator in Franklin County. The board here determined in previous proceedings, which Tremmel does not challenge, that he was never a bona fide resident of Kelleys Island. This case involves Tremmel's application to register to vote, rather than a cancellation of an existing registration. There is thus sufficient evidence to establish here that the board of elections neither failed to accord proper weight to Tremmel's intent, as shown by the evidence submitted, nor treated R.C. 3503.02(D) as the exclusive factor applicable to Tremmel. Cf. *Husted*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 30-33.

{¶ 19} Based on the foregoing, the bipartisan board of elections and its members did not abuse their discretion or clearly disregard applicable law by unanimously denying Tremmel's application to register to vote in Erie County, and he is not entitled to the writ of mandamus.

### Conclusion

{¶ 20} Because Tremmel has failed to establish his entitlement to the requested extraordinary relief, we deny the writs of mandamus and prohibition.

Writs denied.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents.

_____

McTigue & McGinnis, L.L.C., Donald J. McTigue, Mark A. McGinnis, and J. Corey Colombo, for relator.

Kevin J. Baxter, Erie County Prosecuting Attorney, Sandy J. Rubino, Chief Assistant Prosecuting Attorney, and Trevor M. Hayberger, Assistant Prosecuting Attorney, for respondents.

Richard Cordray, Attorney General, and Damian W. Sikora, Erick D. Gale, and Pearl M. Chin, Assistant Attorneys General, for amicus curiae Ohio Secretary of State.

_____