**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Abernathy v. Lucas Cty. Bd. of Elections,* Slip Opinion No. 2019-Ohio-201.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-201

THE STATE EX REL. ABERNATHY *v*. LUCAS COUNTY BOARD OF ELECTIONS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Abernathy v. Lucas Cty. Bd. of Elections,* Slip Opinion No. 2019-Ohio-201.]**

*Elections—Prohibition—Writ of prohibition sought to compel board of elections to remove a proposed charter amendment from the February 26, 2019 special-election ballot—Writ denied.*

(No. 2018-1824—Submitted January 14, 2019—Decided January 23, 2019.)

IN PROHIBITION.

———————————

**Per Curiam.**

{¶ 1} In this expedited election case, relator, Josh Abernathy, seeks a writ of prohibition to compel respondent, the Lucas County Board of Elections, to remove the Lake Erie Bill of Rights ("LEBOR"),[1] a proposed amendment to the

---

[1] For an explanation of the LEBOR, *see State ex rel. Twitchell v. Saferin*, __ Ohio St.3d __, 2018-Ohio-3829, __ N.E.3d __, ¶ 2 (plurality opinion).

Toledo City Charter, from the February 26, 2019 special-election ballot. We deny the writ.

**Background**

{¶ 2} On December 4, 2018, the Toledo City Council passed Ordinance 497-18. The ordinance declared that the clerk of council had received sufficient petition signatures to submit the LEBOR to the voters and certified the measure to the board of elections for placement on the February 26, 2019 special-election ballot. Abernathy submitted to the board of elections a written protest in which he made two arguments: (1) the LEBOR was "legally ineligible" to appear on the ballot because its provisions exceeded the authority of the city of Toledo to enact and (2) this court's prior decision in *State ex rel. Twitchell v. Saferin*, __ Ohio St.3d __, 2018-Ohio-3829, __ N.E.3d __ (plurality opinion), that the LEBOR was ineligible for the ballot foreclosed its placement on the ballot under the doctrine of res judicata.

{¶ 3} After holding a hearing on Abernathy's protest, the board members voted to deny the protest and place the LEBOR on the ballot. In doing so, two board members made clear their belief that the LEBOR was "on its face unconstitutional and unenforceable" and "beyond the authority of the City of Toledo" but stated that they were obliged to vote to place the measure on the ballot by this court's recent decision in *State ex rel. Maxcy v. Saferin*, __ Ohio St.3d __, 2018-Ohio-4035, __ N.E.3d __.

{¶ 4} On December 26, 2018, Abernathy filed this action for a writ of prohibition. Because the action was filed within 90 days of the February 26, 2019 special election, the case was automatically subject to an accelerated schedule for the submission of briefs and evidence. S.Ct.Prac.R. 12.08(A)(1) and (2). The parties have filed their briefs and evidence in accordance with that expedited schedule. We granted Bryan Twitchell, Julian C. Mack, and Sean M. Nestor leave to intervene on behalf of the committee in support of the LEBOR. And we received

2

an amicus brief in support of Abernathy from the Ohio Farm Bureau Federation, the Ohio Corn & Wheat Growers Association, the Ohio Pork Council, the Ohio Soybean Association, and the Ohio Dairy Producers Association.

**Legal analysis**

**{¶ 5}** To obtain a writ of prohibition in an election case, a relator must show that (1) the board of elections exercised quasi-judicial power, (2) the exercise of that power was unlawful, and (3) the relator has no adequate remedy in the ordinary course of the law. *State ex rel. McCord v. Delaware Cty. Bd. of Elections*, 106 Ohio St.3d 346, 2005-Ohio-4758, 835 N.E.2d 336, ¶ 27. If all three elements are proved, then a writ of prohibition will issue. *State ex rel. Finkbeiner v. Lucas Cty. Bd. of Elections*, 122 Ohio St.3d 462, 2009-Ohio-3657, 912 N.E.2d 573, ¶ 40.

**{¶ 6}** Because this is an expedited election matter, the third prohibition element is easily satisfied. Abernathy does not have an adequate remedy in the ordinary course of the law because "given the proximity of the election, an injunction would arguably not constitute an adequate remedy because any 'appellate process would last well past the election.' " *State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elections*, 72 Ohio St.3d 289, 292, 649 N.E.2d 1205 (1995), quoting *State ex rel. Smart v. McKinley*, 64 Ohio St.2d 5, 6, 412 N.E.2d 393 (1980); *see also State ex rel. Brown v. Butler Cty. Bd. of Elections*, 109 Ohio St.3d 63, 2006-Ohio-1292, 846 N.E.2d 8, ¶ 22 (holding that the relators in that case lacked an adequate remedy "given the closeness of the election").

**{¶ 7}** However, the second element necessary for relief in prohibition is not present here because, as we recognized in *Maxcy*, a board of elections has no legal authority to review the substance of a proposed charter amendment and has no discretion to block the measure from the ballot based on an assessment of its suitability. __ Ohio St.3d __, 2018-Ohio-4035, __ N.E.3d __, at ¶ 13, 18-19.

**{¶ 8}** Municipal-charter amendments are governed by Article XVIII, Section 9 of the Ohio Constitution, which provides that charter amendments "may

be submitted to the electors of a municipality by a two-thirds vote of the legislative authority thereof, and, upon petitions signed by ten per centum of the electors of the municipality setting forth any such amendment, shall be submitted by such legislative authority." This constitutional language vests the municipal legislative body with sole authority to determine whether the petition satisfies the legal requirements for submission to the voters. " 'Inasmuch as the Constitution requires the submission to be made by legislative authority, it follows that that authority need not make the submission unless satisfied of the sufficiency of the petitions and that all statutory requirements are fairly met.' " *State ex rel. Semik v. Cuyahoga Cty. Bd. of Elections*, 67 Ohio St.3d 334, 335-336, 617 N.E.2d 1120 (1993), quoting *State ex rel. Hinchcliffe v. Gibbons*, 116 Ohio St. 390, 395, 156 N.E. 455 (1927).

{¶ 9} Therefore, as we stated in *Maxcy*, once the municipal legislative body passes an ordinance placing the proposed charter amendment on the ballot, "the duty of the board [of elections] is to simply add the proposed charter amendment to the ballot." *Maxcy* at ¶ 19. A board of elections has no discretion to keep a proposed charter amendment off the ballot because "in placing a proposed amendment to a municipal charter on the ballot, the 'board of elections has nothing but a ministerial role under the Constitution.' " *Id*., quoting *Semik* at 337. Once council passed the ordinance to place the LEBOR on the ballot in accordance with Article XVIII, Section 9 of the Ohio Constitution, the board had no power to keep the proposed charter amendment off the ballot.

{¶ 10} Because Abernathy's claim fails on the second element he must satisfy to obtain a writ of prohibition, we need not address the remaining element, whether the board's exercise of authority was quasi-judicial. We deny Abernathy's request for a writ because the board's decision to put the proposed charter amendment on the ballot was not unlawful.

{¶ 11} Alternatively, Abernathy and amici curiae contend that the board of elections was affirmatively barred from placing the LEBOR on the ballot by the

doctrine of claim preclusion. This petition in support of the LEBOR first came before the board of elections on August 28, 2018, when the board voted four to zero to refuse to place the proposed charter amendment on the November 6, 2018 general-election ballot on the ground that it contained provisions beyond the authority of the city to enact. Twitchell, Mack, and Nestor filed a complaint in mandamus seeking an order compelling the board to place the LEBOR on the ballot, and we denied the writ. *Twitchell*, __ Ohio St.3d __, 2018-Ohio-3829, __ N.E.3d __, at ¶ 1 (plurality opinion). In light of *Twitchell*, Abernathy argues that the board "was barred from considering the re-assertion of the right to place [the] LEBOR Amendment on the ballot, as this claim had already been adjudicated in *Twitchell*." But as we have discussed, the board had no power to keep the proposed charter amendment off the ballot for any reason, including claim preclusion.

{¶ 12} The board of elections performed its ministerial duty by placing the LEBOR on the ballot. Abernathy is not entitled to a writ of prohibition to undo that action.

Writ denied.

KENNEDY, FRENCH, and DEWINE, JJ., concur.

FISCHER, J., concurs in judgment only, with an opinion.

STEWART, J., concurs in judgment only, with an opinion joined by O'CONNOR, C.J.

DONNELLY, J., not participating.

_____

**FISCHER, J., concurring in judgment only.**

{¶ 13} I respectfully concur only in the court's judgment denying the writ of prohibition sought by relator, Josh Abernathy. As an initial matter, I agree with the judgment reached in the lead opinion that respondent, the Lucas County Board of Elections, was not barred from placing the Lake Erie Bill of Rights ("LEBOR") on the ballot by any preclusive doctrine. I write separately, however, because on

all other issues before the court in this case, it is sufficient for the court to determine that the board of elections did not clearly disregard applicable law.

{¶ 14} As the lead opinion correctly recites, "to obtain a writ of prohibition in an election case, a relator must show that (1) the board of elections exercised quasi-judicial power, (2) the exercise of that power was unlawful, and (3) the relator has no adequate remedy in the ordinary course of the law." Lead opinion at ¶ 5. For us to determine whether the board unlawfully exercised power, i.e., exercised power that was unauthorized by law, "we must determine whether the board acted fraudulently or corruptly, abused its discretion, or clearly disregarded applicable law." *State ex rel. Brown v. Butler Cty. Bd. of Elections,* 109 Ohio St.3d 63, 2006-Ohio-1292, 846 N.E.2d 8, ¶ 23; *see also Stutzman v. Madison Cty. Bd. of Elections*, 93 Ohio St.3d 511, 513, 757 N.E.2d 297 (2001); *Rust v. Lucas Cty. Bd. of Elections,* 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766, ¶ 8; *Wellington v. Mahoning Cty. Bd. of Elections*, 117 Ohio St.3d 143, 2008-Ohio-554, 882 N.E.2d 420, ¶ 38; *State ex rel. Tremmel v. Erie Cty. Bd. of Elections,* 123 Ohio St.3d 452, 2009-Ohio-5773, 917 N.E.2d 792, ¶ 15; *State ex rel Murray v. Scioto Cty. Bd. of Elections*, 127 Ohio St.3d 280, 2010-Ohio-5846, 939 N.E.2d 157, ¶ 32; *State ex rel. Brecksville v. Husted*, 133 Ohio St.3d 301, 2012-Ohio-4530, 978 N.E.2d 157, ¶ 10, 17.

{¶ 15} Here, there is no allegation that the board acted fraudulently or corruptly. Additionally, pursuant to *State ex rel. Maxcy v. Saferin*, a board of elections has no discretion to block a proposed charter amendment from the ballot once the proper legislative authority has passed an ordinance placing that proposed charter amendment on the ballot. __ Ohio St.3d __, 2018-Ohio-4035, __ N.E.3d __, ¶ 19. *Maxcy* is the law on this issue, and pursuant to *Maxcy*, the board had no discretion to abuse.

{¶ 16} The pivotal issue in this case is whether the board "clearly disregarded applicable law." It did not. The applicable law is this court's decision

in *Maxcy*: the board had a duty to place the proposed charter amendment on the ballot when the legislative body of the municipality, the Toledo City Council, passed the relevant ordinance. In abiding by *Maxcy*, the board did not clearly disregard applicable law.

{¶ 17} Whether the board exercised quasi-judicial *power* in placing the LEBOR on the ballot is not self-evident; the record reflects that the board actually held a hearing, a quasi-judicial activity. I am far from certain that the board's choice to hold a hearing sits within the board's purely ministerial role. Regardless, there is no need to engage in a protracted analysis regarding the board's exercise of quasi-judicial power because, in a case such as this, a court will not issue a writ when the board of elections did not clearly disregard applicable law. Additionally, there is no need for this court to engage in a discussion regarding the merits of the court's reasoning in *Maxcy—Maxcy* is the applicable law.

{¶ 18} Because Abernathy has failed to show that the board of elections clearly disregarded applicable law, I concur in the judgment denying the writ.

_____

**STEWART, J., concurring in judgment only.**

{¶ 19} Although a municipal legislative authority exercises quasi-judicial authority in determining the sufficiency of petitions proposing an amendment to a city charter, *see State ex rel. Patton v. Myers*, 127 Ohio St. 95, 98, 186 N.E. 872 (1933), a "board of elections has nothing but a ministerial role under the Constitution" in this situation. *State ex rel. Semik v. Cuyahoga Cty. Bd. of Elections*, 67 Ohio St.3d 334, 337, 617 N.E.2d 1120 (1993). Therefore, a board of elections' actions in placing a proposed city-charter amendment on the ballot "are not quasi-judicial, and [a] writ [of prohibition] cannot be allowed." *Id*., citing *State ex rel. O'Grady v. Brown,* 48 Ohio St.2d 17, 20, 356 N.E.2d 296 (1976).

{¶ 20} Respondent, the Lucas County Board of Elections, exercised no quasi-judicial power when it placed the Lake Erie Bill of Rights ("LEBOR") on the

ballot after the Toledo City Council passed an ordinance to submit the LEBOR to the voters. At all times, the board acted in a ministerial capacity by placing the LEBOR measure on the ballot because the board made no deletions from or alterations to the measure. Relator, Josh Abernathy, has thus failed to establish the first element required to obtain a writ of prohibition because he has not shown that the board exercised any quasi-judicial power.

{¶ 21} As stated in the lead opinion, the elements for obtaining a writ of prohibition are that "(1) the board of elections exercised quasi-judicial power, (2) the exercise of *that* power was unlawful, and (3) the relator has no adequate remedy in the ordinary course of the law." (Emphasis added.) Lead opinion at ¶ 5, citing *State ex rel. McCord v. Delaware Cty. Bd. of Elections*, 106 Ohio St.3d 346, 2005-Ohio-4758, 835 N.E.2d 336, ¶ 27. The lead opinion bypasses the first element required to obtain a writ of prohibition and relies solely on discussing the second element, concluding that Abernathy failed to show that the board of elections' exercise of power—quasi-judicial power—was unlawful. To reach this conclusion, the lead opinion must have implicitly determined that the board of elections exercised quasi-judicial power because the way the second element is worded indicates that it should be considered only in progression from the first—the analysis is sequential. The word "that" in the second element applies to quasi-judicial power, so it is pointless to consider whether the board of elections acted unlawfully unless the board is first found to have exercised some form of quasi-judicial power. Yet both precedent and the facts of this case show that the board acted in a ministerial, not a quasi-judicial, capacity.

{¶ 22} This brings us to *State ex rel. Maxcy v. Saferin*, __ Ohio St.3d __, 2018-Ohio-4035, __ N.E.3d __, a case that has no application here. *Maxcy* says that once the municipal legislative body passes an ordinance placing a proposed charter amendment on the ballot, "the duty of the board [of elections] is to simply add the proposed charter amendment to the ballot." *Id*. at ¶ 19. The lead opinion

determines, in essence, that the board here did not exercise quasi-judicial power, because the board had no authority to exercise quasi-judicial power: "Once council passed the ordinance to place the LEBOR on the ballot in accordance with Article XVIII, Section 9 of the Ohio Constitution, the board had no power to keep the proposed charter amendment off the ballot," lead opinion at ¶ 9. This is a tautology: even if the board had no authority to exercise quasi-judicial power, it could still have done so, albeit erroneously. The lead opinion thus fails to answer an essential predicate question regarding the manner in which the board acted. *Maxcy* is irrelevant to this action because it would apply only in the event that the board had refused to add the proposed charter amendment to the ballot or had exercised some sort of quasi-judicial authority that was unlawful.

O'CONNOR, C.J., concurs in the foregoing opinion.

———————————

McTigue & Colombo, L.L.C., Donald J. McTigue, J. Corey Colombo, Derek S. Clinger, and Ben F.C. Wallace, for relator.

Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell, Kevin A. Pituch, and Evy M. Jarrett, Assistant Prosecuting Attorneys, for respondent.

Terry J. Lodge, for intervening respondents.

Bricker & Eckler, L.L.P., Bryan M. Smeenk, Anne Marie Sferra, and Maria J. Armstrong, urging granting of the writ for amici curiae, Ohio Farm Bureau Federation, Ohio Corn & Wheat Growers Association, Ohio Pork Council, Ohio Soybean Association, and Ohio Dairy Producers Association.

———————————