**STATE, ex rel. MORGAN, Relator-Appellee, v HODGE, et, Respondent-Appellants.**

Ohio Appeals, Second District, Greene County.

No. 503.   Decided March 22, 1948.

Morris D. Rice, Osborn, James M. Matthews, Enon, for relator-appellee.

Herbert M. Eikenbary, Jack H. Patricoff, Dayton, for Respondents-Appellants.

**OPINION**

By HORNBECK, J.:

This is an appeal on questions of law from a writ of mandamus issued to respondents requiring them to act upon a petition filed on June 14, 1947 with the Mayor and Council

of the Village of Wrightview, Ohio, which petition sought an election on the question of the surrender of the corporate powers of the Village of Wrightview, Ohio.

The petition, drawn under the authority of §3513, GC bore the signatures of 191 persons, purported residents of said village of Wrightview and in form complies with the provisions of the statute. An alternative writ of mandamus had been issued to respondents but at the time of trial, it appeared that no action whatever had been taken by the Council of the village pursuant to the writ.

The respondents urged upon the trial judge, and in this court by brief, the advisability of naming a Master Commissioner to investigate the validity of the signatures to the petition. Manifestly, this was not the appropriate procedure. The appellants were in court under the obligation either to show compliance with the alternative writ or to make it appear that they were not required to act upon it.

Full compliance with the statute appearing to have been observed by the Relator and the requisite number of petitioners having signed the petition, at least prima facie, it was the positive duty of the Mayor and Council to fix a date and at that time to canvass the petition and to determine the question whether or not it bore enough valid signatures to require the calling of an election. If it did, the respondents had no choice but to call the election. If it did not, such determination should have been made and refusal to conform to the request of the petitioners ordered. In no view of the situation could respondents refuse to act as the law enjoined them to do. **Dutten v Village of Hanover, 42 Oh St 217,** and serious consequences might result to the village by such proceeding. See the controlling §3514 GC.

There is no error in the action of the trial judge in granting the writ. No other order could properly have been made under the law. The judgment will be affirmed.

WISEMAN, PJ, and MILLER, J, concur.