The STATE ex rel. CHRISTOPHER, Relator,

v.

GAIA et al., Respondents.

[Cite as *State ex rel. Christopher v. Gaia* (2000), 138 Ohio App.3d 527.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 00 C.A. 104.

Decided July 3, 2000.

*Joseph W. Gardner,* for relator.

*Paul J. Gains,* Mahoning County Prosecuting Attorney, and *Linette S. Baringer,* Assistant Prosecuting Attorney, for respondent.

*Camille Gaia,* for Craig Beach.

---

*Per Curiam.*

In this original action in mandamus relator, Lawrence A. Christopher, seeks an order to compel respondents, Camille Gaia, Mayor of Craig Beach, Village Council ("council"), and the Mahoning County Board of Elections ("board"), to comply with R.C. 703.20 and provide for a special election to surrender the corporate powers of the village.

The limited facts, as can be gleaned from the pleadings, are generally undisputed. Relator seeks to compel the village authority to comply with R.C. 703.20 and provide for a special election to surrender its corporate powers. Alternatively, relator seeks to compel the Mahoning County Board of Elections to place on the ballot a special election determining the status of the petition pursuant to R.C. 703.20. It appears that relator has followed the procedure outlined in R.C. 703.20, in petitioning the legislative authority with at least forty percent of the electors. A surrender petition was circulated that has allegedly contained three hundred-thirteen signatures of village residents. The petition was then submitted to the Clerk–Treasurer of Craig Beach Village, Patricia Tomaino. It further appears that the petitions were then forwarded to the Mahoning County Board of Elections. The board then verified two hundred-five of the signatures on the petitions. It is undisputed that the circulators collected a sufficient number of signatures to have the issue placed on a ballot. Next, the petitions were returned to Craig Beach. The returned petitions were allegedly accompanied by a letter, from the board, stating that Craig Beach may proceed in accord with R.C. 703.20. This letter has not been entered into the record. However, in a pleading filed by the mayor, the council admits that the Board of Elections verified the signatures on the petitions. The mayor and/or council have not acted in setting a date or

presenting a question for special election. To the contrary, council voted and rejected a motion to hold a special election.

■ At the outset, it must be noted that the board, in its motion to dismiss, has brought to this court's attention that relator has failed to properly caption his petition for writ of mandamus. Specifically, relator failed to comply with R.C. 2731.04, because his complaint was not brought in the name of the state on relation of Lawrence A. Christopher.

This court has previously held that the failure of a relator to bring a complaint in the name of the state on the relation of that relator is a fatal deficiency. *Paulette v. Tablack* (Mar. 17, 1999), Mahoning App. No. 98–CA–196, unreported, 1999 WL 159196 at *3, citing *Litigaide, Inc. v. Custodian of Records for Lakewood Police Dept.* (1996), 75 Ohio St.3d 508, 664 N.E.2d 521. In that same opinion, this court held that by prior decisions of the Ohio Supreme Court we are compelled to dismiss petitions that do not comport with the dictates of R.C. 2731.04.

However, on June 6, 2000, relator filed a motion to amend his complaint. He is now represented by counsel. Leave to amend has been granted and relator has amended his complaint in conformity with the law.

■ For a writ of mandamus to issue, the relator must demonstrate (1) that the relator has no plain and adequate remedy in the ordinary course of law, (2) that the respondent is under a clear legal duty to perform some act or acts, and (3) that relator has a clear legal right to the relief prayed for. See *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.

The board argues that it is not a proper party to this action. The board avers that it does not have a clear legal duty to perform absent further instruction from the village. The gravamen of the board's argument is that Craig Beach Village must take further action pursuant to statute and request a special election.

It is well established that before this court may issue a writ of mandamus the court must find that relator has no plain and adequate remedy in the ordinary course of the law. Based on the following analysis, relator is entitled to a writ compelling the mayor and village council to act in accordance with R.C. 703.20.

Under R.C. 703.20:

*"Villages may surrender their corporate powers upon the petition to the legislative authority of the village of at least forty per cent of the electors thereof, to be determined by the number voting at the last regular municipal election, and by an affirmative vote of a majority of such electors at a special election, which shall be provided for by the legislative authority, and conducted, canvassed, and the result certified and made known as at regular municipal*

elections. If the result of the election is in favor of such surrender, the village clerk shall certify the result to the secretary of state and the county recorder, who shall record it in their respective offices, and thereupon the corporate powers of such village shall cease." (Emphasis added.)

The Ohio Revised Code details the affirmative duties placed upon village officials when petitioned by the electorate concerning surrender of its corporate powers. The village council must canvas the petitions to determine whether the signatures are sufficient. Upon presentation of a petition to the council for such election, it is the duty of the council, before taking action thereon, to satisfy itself that it contains the names of the requisite number of qualified petitioners, and for that purpose it may refer the same to a committee to make the necessary examination. *Dutten v. Hanover* (1884), 42 Ohio St. 215, 1884 WL 230. Where a petition calling for a special election bears the requisite number of signatures, it is the mandatory duty of the mayor and council to fix a date for special election.

Special elections may be held only on the first Tuesday after the first Tuesday in February, May, August, or November, or on the day authorized by a particular charter provision or county charter for the holding of a primary election. Except, that in a year in which a presidential primary election is held, no special election shall be held in February or May, unless authorized by a particular charter provision or county charter. A special election may be held on the third Tuesday in March. R.C. 3501.01(D).

Case law applying R.C. 703.20 is rather dearth. However, in an early court of appeals decision, the Second District had opportunity to discuss the duties implicated in General Code 3513, the predecessor statute to R.C. 703.20.

In *State ex rel. Morgan v. Hodge* (App.1948), 52 Ohio Law Abs. 575, 83 N.E.2d 824, relator sought a writ of mandamus compelling respondent-mayor and council, to act upon a petition calling for the surrender of the corporate power of the Village of Wrightview. Relator filed a petition on June 14, 1947, with the Mayor and Council of the Village of Wrightview, which sought an election on the question of the surrender of the village's corporate powers. The mayor and council refused to act upon the petition. The petition bore the signatures of one hundred-ninety-one residents of Wrightview and in form complied with the provisions of the statute.

The *Morgan* case is substantially similar to the case at bar. That court held:

"Full compliance with the statute appearing to have been observed by the Relator and the *requisite number of petitioners having signed* the petition, at least prima facie, it was *the positive duty of the Mayor and Council to fix a date* and at that time to canvas the petition and to determine the question whether or

not it bore enough valid signatures to require the calling of an election. If it did, the respondents had no choice but to call the election. If it did not, such determination should have been made and refusal to conform to the request of the petitioners ordered. *In no view of the situation could respondents refuse to act* as the law enjoined them to do." (Emphasis added.)

In order to comply with R.C. 703.20 the legislative authority of Craig Beach Village *must* canvas the petition and determine whether the requisite number of signatures have been collected. See *State ex rel. Hinchliffe v. Gibbons* (1927), 116 Ohio St. 390, 396, 156 N.E. 455, 457.

In a pleading filed June 12, 2000, by the mayor, there is a paragraph-by-paragraph answer to the complaint, reflecting discussions in executive session. There was a return to open session and a vote was taken whether to hold a special election on August 8, 2000. The motion failed by a vote of three to two. The record does not reflect that the vote failed on the basis of insufficient signatures or that the petition was canvassed as required by law.

Based on the pleadings before this court, there has not been compliance with the statute and the village council has failed to follow the law with regards to calling a special election. There is no discretion in the law for council to refuse a special election if the petition is sufficient. Construing the June 12, 2000 filing as an answer leads to the inescapable conclusion that a peremptory writ must issue.

This court finds the rationale of *Morgan* persuasive, and thus, the Mayor and Village Council of Craig Beach are under a clear legal duty to canvas the petitions, which have already been verified through a submission to the Board of Elections, and then fix a date and question for special election.

In light of the above discussion the board's motion to dismiss it as an improper party is well taken. It has already been stated that the duty now lies with the Mayor and Village Council to act in accord with R.C. 703.20.

It is hereby ordered, adjudged, and decreed that the Mayor and Village Council of Craig Beach canvas the petitions and determine the sufficiency of signatures. If found sufficient and otherwise in compliance with the statute, the Mayor and Village Council shall fix a date for special election concerning the surrender of corporate powers.

The board's motion to dismiss as an improper party granted.

*Judgment accordingly.*

Cox, Vukovich, and Waite, JJ., concur.