OPINION AND JOURNAL ENTRY
{¶ 1} On June 23, 2006, Relator Kevin B. Todd filed a "Complaint/Petition for Writ of Mandamus" seeking an order to compel Respondents to canvas signatures contained in a petition to dissolve the Village of New Waterford, and to provide for a special election for that purpose, pursuant to R.C. 703.20. Respondents include the mayor, members of the village council, and other officeholders of the Village of New Waterford.
 {¶ 2} On May 31, 2006, the petition was delivered to the village's fiscal officer and clerk. The petition purports to contain the signatures of more than forty percent of the duly qualified electors of the village. The petition was kept in the possession of the fiscal officer and clerk for eight days. During that time the petition was open for public inspection and copies were provided upon request.
 {¶ 3} On June 7, 2006, the New Waterford Village Council ("Council") held a special meeting and discussed the petition. The village solicitor was of the opinion that the petition was defective for not complying with R.C. 731.32, which deals with voter initiatives to propose municipal legislation. Based on the solicitor's opinion and on its review of the sufficiency of the signatures on the petition, Council rejected the petition. Accordingly, the fiscal officer and clerk did not forward the petition to the Columbiana County Board of Elections and the village took no action to fix a date for a special election.
 {¶ 4} On June 23, 2006, Relator filed with this Court a Complaint/Petition for Writ of Mandamus. Relator requested an order requiring the village to review the petition to determine if the signatures were sufficient to satisfy R.C. 703.20. Relator *Page 3 
also requested that, if the signatures were found to be sufficient, that the village be compelled to hold a special election under R.C. 703.20 to determine if the village should surrender its corporate powers.
 {¶ 5} Both Relator and Respondents filed motions for summary judgment. On November 6, 2006, the parties stipulated to certain facts. On January 31, 2007, we issued an Opinion overruling both motions for summary judgment. We provided the parties an additional thirty days to file supplemental motions for summary judgment addressing whether the petition contained signatures of at least forty percent of the electors of the village, determined by the number of people who voted at the most recent regular municipal election.
 {¶ 6} On February 9, 2007, Relator filed a supplemental motion for summary judgment. Attached to that motion was the affidavit of Lois Gall, the Director of the Columbiana County Board of Elections. She averred that 384 votes were cast in the last village election, and that forty percent of that number would be 154. She averred that the petition "contains 183 signatures, which constitutes at least 40% of the votes cast in the Village as determined by the number voting at the last regular municipal election." It is Relator's supplemental motion for summary judgment that is now before us.
 {¶ 7} A writ of mandamus is an extraordinary remedy. Mandamus is a writ, issued in the name of the state, ordering an inferior tribunal, corporation, board, or person, to perform an act that there is a legal duty to perform. R.C. 2731.01. For a writ of mandamus to issue, the relator must demonstrate that: 1) the relator has no *Page 4 
plain and adequate remedy at law; 2) the respondent is under a clear legal duty to perform some act or acts; and 3) relator has a clear legal right to the relief prayed for. State ex rel. Berger v. McMonagle
(1983), 6 Ohio St.3d 28, 451 N.E.2d 225.
 {¶ 8} Under Civ.R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Doe v. Shaffer (2000),90 Ohio St.3d 388, 390, 738 N.E.2d 1243. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion,and identifying those portions of the record which demonstrate theabsence of a genuine issue of fact on a material element of thenonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,296, 662 N.E.2d 264. The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293, 662 N.E.2d 264.
 {¶ 9} The issue to be determined is whether Respondents are under a legal duty to perform some act pursuant to R.C. 703.20, which states:
 {¶ 10} "Villages may surrender their corporate powers upon the petition to the legislative authority of the village of at least forty per cent of the electors thereof, to be determined by the number voting at the last regular municipal elecion [sic], and by an affirmative vote of a majority of such electors at a special election, which shall be provided for by the legislative authority, and conducted, canvassed, and the result certified and made known as at regular municipal elections. If the result of the *Page 5 
election is in favor of such surrender, the village clerk shall certify the result to the secretary of state and the county recorder, who shall record it in their respective offices, and thereupon the corporate powers of such village shall cease."
 {¶ 11} We have previously dealt with a very similar situation involving R.C. 703.20. In State ex rel. Christopher v. Gaia (2000), 138 Ohio App.3d 527, 741 N.E.2d 914, we were called upon to determine whether a writ of mandamus should issue to the village council of Craig Beach Village after a petition had been submitted pursuant to R.C.703.20. It was undisputed that a petition to hold a special election was submitted to village council with 313 signatures. The petition was forwarded to the Mahoning County Board of Elections, which verified 205 of the signatures. It was undisputed that this was a sufficient number of signatures for the issue to be placed on the ballot in a special election. The petition was returned to village council, which voted not to hold a special election. We held:
 {¶ 12} "The Ohio Revised Code details the affirmative duties placed upon village officials when petitioned by the electorate concerning surrender of its corporate powers. The village council must canvas the petitions to determine whether the signatures are sufficient. Upon presentation of a petition to the council for such election, it is the duty of the council, before taking action thereon, to satisfy itself that it contains the names of the requisite number of qualified petitioners, and for that purpose it may refer the same to a committee to make the necessary examination. Where a petition calling for a special election bears the requisite *Page 6 
number of signatures, it is the mandatory duty of the mayor and council to fix a date for special election." (Citations omitted.) Id. at 531.
 {¶ 13} In the instant case, the Columbiana County Board of Elections has verified that there are 183 signatures on the petition. This is a somewhat curious conclusion, since Relator only submitted 182 signatures, and we previously established that there are 182 signatures. See State ex rel. Todd v. Felger, 7th Dist. No. 06 CO 38, 2007-Ohio-731, ¶ 20. Regardless of the total number of signatures on the petition, it is clear that there are more than 154 signatures, and this is the number that the Columbiana County Board of Elections determined was required by R.C. 703.20.
 {¶ 14} A question does remain about those signatures. Although Lois Gall averred that the board of elections verified the signatures, it is not clear that the verification represented a canvassing of those who signed the petition to determine if each person who signed the petition is a qualified elector in the Village of New Waterford. It would appear that the verification by the board of elections was simply a verification of the raw number of potentially valid signatures, i.e., legible signatures, dated, with corresponding addresses.
 {¶ 15} Although Respondents have stipulated that village council rejected the petition based, in part, on a review of the sufficiency of the signatures on the petition, there is no stipulation that village council would have accepted the petition based on the sufficiency of the signatures. Thus, it is not clear that anyone has actually verified the signatures in the sense of canvassing those who signed the petition. As we *Page 7 
stated in Gaia, "it is the duty of the council, before taking action thereon, to satisfy itself that it contains the names of the requisite number of qualified petitioners[.]" Id.
 {¶ 16} In Gaia, we ordered the mayor and village council of Craig Beach Village to canvas the petition, determine the sufficiency of the signatures, and, if the signatures were found to be sufficient under R.C. 703.20, to fix a date for the special election. Id. at 532. This is the same remedy that is appropriate in the instant mandamus action.
 {¶ 17} Relator has established its right to relief in mandamus. It is hereby ordered, adjudged, and decreed that the mayor and village council of New Waterford canvas the petition and determine the sufficiency of the signatures. If the signatures are found to be sufficient and otherwise in compliance with R.C. 703.20, the mayor and village council shall fix a date for a special election concerning the surrender of corporate powers of the village.
 {¶ 18} Judgment accordingly. Costs taxed against Respondents. Final order. Clerk to serve notice as provided by the Civil Rules. DeGenaro, P.J., dissents; see dissenting opinion. Waite, J., concurs. Donofrio, J., concurs. *Page 8